240 So.2d 463 (1970)
Roger DAVIDSON
v.
STATE of Mississippi.
No. 45955.
Supreme Court of Mississippi.
October 26, 1970.
Sullivan, Dunbar & Smith, David R. Hunt, Clarksdale, Eugene Thompson, Ney M. Gore, Jr., Marks, for appellant.
A.F. Summer, Atty. Gen., by John M. Kinard, Special Asst. Atty. Gen., Jackson, for appellee.
ETHRIDGE, Chief Justice:
Roger Davidson, appellant, was tried and convicted in the Circuit Court of Quitman County of receiving stolen property. From this conviction, he appeals. Several errors have been assigned, but it will not be necessary to discuss each one for the reasons set out below.
Davidson was charged with knowingly and unlawfully receiving a stolen tractor valued at $6,000. On January 17, 1969, William R. Jones, a Game Warden for the Mississippi Game and Fish Commission, noticed a tractor parked by an old abandoned house on land belonging to defendant. Jones did not know who owned the land on which the tractor was parked, nor had he received a complaint about a missing tractor. He testified that he was simply checking for violations when he observed the tractor. The game warden stopped his car, walked on defendant's land, examined the tractor and made a note of its serial *464 number. Jones turned this information over to the Sheriff of Quitman County, who then made an affidavit and obtained a search warrant to search the defendant's headquarters-shop. The sheriff had previously determined that the tractor had been moved from its original location. The sheriff searched Davidson's headquarters where he found the tractor in question. The serial number which Jones had noted earlier had been removed, but it was otherwise identified as one stolen from Roger Brittenum. The sheriff then seized the tractor.
Appellant contends that the search of his property by Sheriff Harrison was illegal because it was based on a prior illegal search. We agree. The affidavit upon which the search warrant was based states:
The tractor owned by Roger Brettenum [sic] and reported stolen was checked and a tractor fitting the same description as this tractor and having a serial number identical was seen on this farm and on other lands farmed by Roger Davidson. The undersigned upon seeing a tractor fitting the description of the one reported stolen by the State of Arkansas law enforcing official and described herein as the property of Roger Brettenum [sic] had the same check as to the serial number and the same checked out as being the stolen tractor * *.
The tractor in question was seen by Jones on the lands belonging to the defendant, and he committed a trespass when he went upon the appellant's lands, thus making his search of the tractor illegal. Therefore, the subsequent search conducted by Sheriff Harrison was also illegal, since it was based upon information which was illegally obtained by Jones. The United States Supreme Court, in Silverthorne Lumber Company v. United States, 251 U.S. 385, 40 S.Ct. 182, 64 L.Ed. 319 (1920), held that knowledge gained by the government in a prior illegal search of certain corporation documents could not form the basis for a subsequent study of the same documents by calling on the owners of the corporation to produce the records by subpoenas. A legal search and seizure must be based on the "steps which precede it, which themselves must be lawful in their entirety." 79 C.J.S. Searches and Seizures § 51 (1952). Thus the search conducted by the sheriff, based on information which was received from Jones, a representative of the state, and which was illegally obtained, was void ab initio, and is one which both the Federal and State Constitutions condemn as being unreasonable. U.S.Const. Amends. IV and V; Miss. Const. 1890, Art. 3, §§ 23 and 26.
The right to be free from an illegal search and seizure is a right which the courts must vigilantly protect. This right to be secure from invasions of privacy by government officials is a basic freedom in our Federal and State constitutional systems. Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). In Tucker v. State, 128 Miss. 211, 90 So. 845, (1922), this Court stated the reasons for adopting the exclusionary rule:
The securities afforded by our Constitution against unreasonable search and seizure, and self-incrimination, are not to be given a narrow construction. They are a part of our Bill of Rights. They stand along with the right of trial by jury. They are among the chief fundamentals of our system of government. It is better that the guilty escape punishment in some instances than that these securities of liberty be violated. (128 Miss. at 223, 90 So. at 847).
Without the evidence which was obtained as a result of the game warden's prior illegal search, upon which the search warrant was based, the appellant's conviction cannot stand.
Reversed and appellant discharged.
PATTERSON, INZER, SMITH and ROBERTSON, JJ., concur.