812 So.2d 1081 (2001)
Larry DONERSON, Jr., Appellant,
v.
STATE of Mississippi, Appellee.
No. 1999-KA-01356-COA.
Court of Appeals of Mississippi.
March 27, 2001.
*1083 R. Louis Field, Vicksburg, Attorney for Appellant.
Office of the Attorney General by Deirdre McCrory, Attorneys for Appellee.
Before KING, P.J., BRIDGES, and THOMAS, JJ.
BRIDGES, J., for the Court:
¶ 1. This case comes from the Circuit Court of Warren County, Honorable Isadore W. Patrick Jr. presiding. Larry Donerson was indicted on the charge of felonious possession of a controlled substance with intent to sale or otherwise distribute. Donerson was found guilty by a jury of his peers and was sentenced to twenty years in the custody of the Mississippi Department of Corrections. Donerson was also fined five thousand dollars. Donerson now appeals his case to this Court on the basis of three issues:
1. WHETHER THE APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT AGAINST UNREASONABLE SEARCH AND SEIZURE AS GUARANTEED BY THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND SECTION 23 OF THE MISSISSIPPI CONSTITUTION?
2. WHETHER THE TRIAL COURT'S RULING WHICH PERMITTED TESTIMONY CONCERNING THE SALE OF COCAINE RESULTED IN AN INFRINGEMENT OF APPELLANT'S CONSTITUTIONAL RIGHT TO CONFRONT WITNESSES AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION?
3. WHETHER THE APPELLANT WAS DENIED HIS RIGHT TO COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION?
Finding no error, we affirm.

FACTS
¶ 2. On July 18, 1996, the Vicksburg police department narcotics unit conducted *1084 an undercover operation in which a confidential informant working for the department made a purchase of crack cocaine at the Goodies store men's room. After the operation, the police arrested Larry Donerson as the man who had sold the cocaine to the confidential informant. Tom Wilson, a narcotics officer for the Vicksburg police, was present at the operation. Wilson testified the confidential informant was wearing a wire, and Wilson could tell it was Donerson selling the cocaine by the sound of his voice.
¶ 3. After the arrest at the store was made, Wilson then got a warrant to search Donerson's home for other drug related paraphernalia. Wilson cited the arrest and the information received from the confidential informant as a basis for probable cause for the warrant. Wilson received a warrant to enter Donerson's residence, found at 646 Cain Ridge Road in Vicksburg, Mississippi. This residence had been under surveillance before the operation because of anonymous complaints from Donerson's neighbors. Wilson testified more crack cocaine was found at the residence, as well as paraphernalia and cash. Several cookies of crack cocaine were found in a jacket hanging in a hallway closet, and roughly $1400 was found in the pocket of another jacket. After searching a dresser in the bedroom, officers found two scales, one of which is used for measuring small quantities of items, and handgun ammunition. The State's expert testified the substance found at the residence was in fact cocaine.
¶ 4. At trial, Wilson and the State's expert testified for the State. The defense called three witnesses. The first defense witness was Tabitha Dixon. Dixon was Donerson's girlfriend, and she testified to giving Donerson about $1400 for him to hold for her. She also confirmed the residence at 646 Cain Ridge Road was indeed Donerson's. The next witness was Georgia Donerson, the defendant's mother. She testified she and the defendant's father had been paying the rent for Donerson's residence at 646 Cain Ridge Road, and Donerson lived there alone. She also testified she was supporting Donerson while he tried to get his Graduate Equivalency Degree. The third witness to testify was Donerson himself. He also verified the residence at 646 Cain Ridge Road was his and he had been living there alone for about a year. He also confirmed ownership of the jackets found in the house that contained the contraband, but stated he had not worn them in several years. Donerson claimed the small scale was in the residence when he moved in, he was not sure from where the larger scale had come, and that Dixon had given him the $1400 so he could keep up with it. Donerson also stated the shirt he wore at trial was one which was found in his closet at the time of the police department's search.

DISCUSSION OF THE LAW

STANDARD OF PROOF
¶ 5. In determining whether a judge was correct in allowing certain evidence to be admitted at trial, it is important to remember "the relevancy and admissibility of evidence are largely within the discretion of the trial court and reversal may be had only where that discretion has been abused." Johnston v. State, 567 So.2d 237, 238 (Miss.1990). This Court will not reverse the trial court's decision to admit evidence unless the trial court abused its discretion such that it prejudiced a party. Martindale v. Wilbanks, 744 So.2d 252(¶ 4) (Miss.1999).
¶ 6. The standard to be applied in claims of ineffective assistance of counsel is well known. The defendant must prove his attorney's performance was defective and the deficiency deprived the defendant of a *1085 fair trial. Hiter v. State, 660 So.2d 961, 965 (Miss.1995). This deficiency is assessed by looking at the totality of the circumstances. Id. There is also a strong presumption the attorney's conduct fell within the wide realm of reasonable professional assistance, and this review is highly deferential to the attorney. Id.

ANALYSIS

1. WHETHER THE APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT AGAINST UNREASONABLE SEARCH AND SEIZURE AS GUARANTEED BY THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND SECTION 23 OF THE MISSISSIPPI CONSTITUTION?
¶ 7. In raising this issue, Donerson claims there was insufficient evidence to support the municipal court's finding of probable cause and grant of the search warrant. This argument also attacks the trial court's affirmance of the municipal court findings. Donerson believes the search of his home and all of the evidence found therein should have been suppressed as an unreasonable search and seizure. When this Court is reviewing a finding of probable cause by a lower court, we are not to review de novo whether there was probable cause or not, but our job is simply to insure that there was a substantial basis for the magistrate's determination of probable cause. Buggs v. State, 738 So.2d 1253(¶ 5) (Miss.Ct.App.1999). Donerson challenges the finding of probable cause on the basis that the affidavit from Officer Wilson contained hearsay, and the police did not offer the municipal judge any information regarding the reliability of the confidential informant.
¶ 8. In looking at this issue, this Court is not impressed with Donerson's claims. Donerson would have this Court believe that an affidavit offered by a police officer for the purpose of getting a warrant cannot be based on hearsay. This is not the case, in fact, the standardized affidavit form specifically states hearsay information may be listed as a basis for probable cause. "Probable cause exists when facts and circumstances within an officer's knowledge, or of which he has reasonable trustworthy information, are sufficient themselves to justify a man of average caution in the belief that a crime has been committed and that a particular person committed it." Davis v. State, 660 So.2d 1228, 1238 (Miss.1995). Wilson testified that though the confidential informant had not been used to make a drug buy, the confidential informant had provided reliable information about Donerson that was reliable (his modus operandi, where he liked to sell, etc.). Wilson also testified the magistrate was made aware of this fact when he was asking for the warrant. The information Donerson states is hearsay was reasonable trustworthy information, and because of this it is the type of information upon which probable cause can be based. A judge may make a determination of probable cause on any evidence offered to it, regardless of whether that evidence is admissible in court.
¶ 9. Since this issue was raised this Court must determine if there was a substantial basis for the magistrate's finding of probable cause. The magistrate was informed by the police that an undercover drug operation had occurred that day. The judge was informed of the details of this operation and that Larry Donerson had been arrested for the sale of two-hundred and twenty dollars worth of cocaine. The judge was told the informant had set up the buy by calling Donerson at his home, and the police suspected the origin of the cocaine was indeed Donerson's *1086 residence. The judge was also told this residence had been under surveillance as a drug distribution center due to complaints of anonymous neighbors. After considering all of this information, it is apparent to this Court the magistrate judge did indeed have a substantial basis for his determination of probable cause. For this reason, the warrant allowing the search of Donerson's home was legal as was the search of his home. We affirm the holdings of the trial court as to this issue.

2. WHETHER THE TRIAL COURT'S RULING WHICH PERMITTED TESTIMONY CONCERNING THE SALE OF COCAINE RESULTED IN AN INFRINGEMENT OF APPELLANT'S CONSTITUTIONAL RIGHT TO CONFRONT WITNESSES AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION?
¶ 10. Donerson argues testimony of the sale of cocaine should not have been admitted into evidence because Donerson did not have a chance to confront the confidential informant. It is well known that evidence of a prior sale of cocaine can be used to show intent to distribute, as long as this evidence is not considered prejudicial and is accompanied by a limiting instruction. M.R.E. 404. Prior to trial, the judge decided evidence of a prior sale would be allowed into evidence; however, to prevent prejudice, the seller in the prior sale could not be identified as Donerson. During the trial, Officer Wilson testified there was a drug sale on the day in question, and based upon the sale, Wilson was able to get a search warrant for Donerson's residence. Donerson claims the facts Wilson testified to at trial came from the statements of the confidential informant and the confidential informant should have been forced to testify so Donerson would be able to confront his accusers.
¶ 11. It is important to point out Wilson did not testify to anything which would have been outside the realm of his own personal knowledge. Everything in his testimony were things he observed or knew would happen. He did not testify to anything that would be solely within the first hand knowledge of the confidential informant. Therefore, his testimony was not hearsay based on the confidential informants statements. Because of this, Wilson's testimony can stand on its own; it is not hearsay in which the confidential informant would have to testify to get the evidence in.
¶ 12. Under the Mississippi Rules of Circuit Court Practice, "the identity of an informant is required to be divulged where the confidential informant is a material eyewitness to or participant in the crime." Arnett v. State, 532 So.2d 1003, 1007 (Miss.1988). Under this rule, if the crime being prosecuted was the actual sale of the cocaine in the mall, then the confidential informant's identity would have to be divulged. That is not the case here. In this case, the crime being prosecuted is the possession of cocaine with intent to sale. So, in actuality, the crime charged in this case is not the crime the confidential informant witnessed or took part in, and therefore the identity of the confidential informant does not have to be divulged. Intent to sale is only an element of this crime, it is not the crime itself, and the sale was offered to prove this element of the crime. Therefore, the trial court was correct in not divulging the identity of the confidential informant.
¶ 13. Donerson points out the judge did not give the jury a limiting instruction stating the evidence of the sale of cocaine could only be considered as *1087 evidence of intent. The jury instructions do not directly address this fact. They do point out that the jury must only act upon the evidence given it, they may not engage in conjecture, speculation, or guess work, and the State bears the burden of proving intent beyond a reasonable doubt. The trial judge prevented the prosecution from identifying the seller involved in the sale as Donerson. These precautions, while not as direct as one jury instruction, are enough to protect Donerson from any prejudice from the introduction of the sale into evidence. We affirm as to this issue.

3. WHETHER THE APPELLANT WAS DENIED HIS RIGHT TO COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION?
¶ 14. Donerson raises several instances in which he claims he was denied effective assistance of counsel. These shall be dealt with individually. To prove ineffective assistance of counsel the appellant must prove his attorney acted deficiently and this deficiency prejudiced his right to a fair trial. Hiter v. State, 660 So.2d 961, 965 (Miss.1995). It should also be noted this Court grants the attorney in question a great amount of deference. Id.

A. Defense counsel failed to request pretrial discovery.
¶ 15. In this assignment of attorney error, Donerson raises several instances in which he feels his attorney failed to provide effective counsel. During the suppression hearing, Donerson cites a failure to know the legal requirements relative to probable cause and hearsay, a failure to call into question the reliability of the confidential informants statements in the affidavit for the search warrant, and a failure to object to the redirect examination of Officer Wilson. Donerson alleges a failure to object to the questioning done by the judge at the suppression hearing. Donerson also refers to failure on behalf of his counsel to secure copies of the tape of the drug sale and the electric bill Wilson used to verify Donerson's address as a basis for ineffective assistance of counsel.
¶ 16. After review of the record and applicable law, this Court does not find the above is an adequate basis for holding Donerson received ineffective assistance of counsel. First of all, "[t]he Constitution does not guarantee the right to errorless counsel." Hall v. State, 735 So.2d 1124(¶ 6) (Miss.Ct.App.1999). Donerson cannot second guess every decision his attorney made. Though some of these decisions may have been mistakes, according to the law, an attorney is allowed to make mistakes and still be considered effective counsel. In addition, appellant "must overcome a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, he must overcome the presumption that counsel's decisions are a result of sound trial strategy." Id. During the suppression hearing, Donerson's counsel made strong arguments against the validity of the search warrant and the admissibility of the drug sale at trial. He did not simply lay down and die, as Donerson seems to suggest, but he made arguments to help his client's case. This shows trial strategy. Donerson's arguments do not overcome the presumption of effective assistance of counsel, and therefore his attorney's representation was not deficient. Donerson fails to meet the first prong of Strickland on this basis, and thus we affirm. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

B. Defense counsel failed to object to numerous instances of prejudicial testimony.
¶ 17. Donerson claims his attorney should have objected to more of the testimony *1088 offered against him at trial. This claim is not enough to prove an ineffective assistance claim. As stated above, Donerson does not have a right to errorless counsel, and there is a large presumption an attorney's actions fall within a wide range of reasonable assistance. Hall, 735 So.2d at 1124. Many of the challenges Donerson felt should have been raised were to testimony and evidence that would have been admitted even if his attorney had objected to them. They were not very prejudicial at all. Once again, Donerson fails to overcome the presumption of effective assistance, and for this reason we affirm as to this issue.

C. Defense counsel failed to raise a Batson challenge to the prosecution's use of peremptory challenges.
¶ 18. Donerson raises this issue hoping the simple fact that his attorney did not raise Batson challenges will cause his attorney to be ineffective and his trial prejudiced. This Court follows a test in determining whether a person was prejudiced by the prosecution's use of peremptory challenges. To show prejudice and appellant must show:
[H]e is member of a cognizable racial group, and that the prosecutor has exercised peremptory challenges to remove from the venire members of the defendant's race. Second, the defendant is entitled to rely on the fact, as to which there can be no dispute, that peremptory challenges constitute a jury selection practice that permits "those to discriminate who are of a mind to discriminate". Finally the defendant must show that these circumstances raise an inference that the prosecutor used that practice to exclude the veniremen from the petit jury on account of their race. Batson v. Kentucky, 476 U.S. 79, 106, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).
For this Court to rule on this issue, evidence of the racial makeup of the jury itself and evidence of the racial identity of each stricken juror would have to be presented into the record. This Court is only allowed to base its decisions upon evidence found within the record, not on assertions made by the parties in their briefs. Mason v. State, 440 So.2d 318, 319 (Miss. 1983). No such evidence was present within the record of this case, and for this reason, this Court cannot rule on whether the prosecution misused its challenges in such a way that Donerson's counsel should have objected. Therefore, this basis cannot support an ineffective assistance of counsel claim.

D. Defense counsel failed to point out the State failed to prove constructive possession.
¶ 19. Donerson claims the State failed to prove constructive possession of the narcotics, and his attorney's failure to point this out was ineffective assistance. The State does not have to prove actual physical possession of a narcotic to show possession, but only that it was under the dominion and control of the defendant. Mitchell v. State, 754 So.2d 519(¶ 10) (Miss.Ct.App.1999). There is a presumption of constructive possession against the owner of a premises when the contraband is found on the premises, but when the premises are not owned by the defendant, the State must prove additional incriminating evidence to prove constructive possession. Id.
¶ 20. The State succeeded in proving the drugs were found in the house Donerson lived in. However, since Donerson rents the house and does not own it the State must present more incriminating evidence. Mitchell, 754 So.2d at (¶ 10). The State succeeded in doing this by showing the cocaine was found in a jacket *1089 owned by Donerson, and providing Wilson's testimony that he had seen Donerson wearing the jacket. Donerson tried to rebut this by stating there were holes in the windows through which people could enter the house and plant evidence. We are not convinced. The State succeeded in proving constructive possession, and therefore it was not error to not point out the State failed to do so. Even if the State failed to prove this, this challenge would once again fail as evidence of a deficiency because Donerson was not guaranteed the right to errorless counsel. Hall, 735 So.2d at (¶ 6). Donerson simply fails to prove this falls out of the wide range of reasonable assistance of counsel. Therefore, Donerson fails in his claim of ineffective assistance of counsel.

E. Defense counsel failed to timely appeal, and defendant was forced to do so pro se.
¶ 21. Donerson perfected his appeal pro se. In the filings he made with the trial court is a copy of a letter in which Donerson's trial counsel states Donerson's father had hired him for trial and not for appeal. Once an attorney begins representation of a client he should expect to carry this representation until its ending, including appeal, unless good reason is given. This may have been the case here.
¶ 22. However, to demonstrate ineffective assistance of counsel an appellant must not only prove his counsel's performance was deficient, but also that he was prejudiced by the deficiency. Though Donerson's attorney may have acted deficiently by failing to perfect an appeal, and there is no evidence indicating such, this deficiency does not seem to have prejudiced Donerson. As soon as it became apparent his former attorney was not going to perfect his appeal, Donerson made a motion for new counsel to help him with his appeal. Donerson's motion was granted. No evidence of prejudice was produced by Donerson. Donerson's claim fails to meet the second prong of the Strickland test. Therefore we must hold that Donerson received effective assistance of counsel, and affirm the holding of the trial court.
¶ 23. In conclusion, we hold Donerson was not deprived of his constitutional right against unreasonable search and seizures because the trial court had a substantial basis to hold that there was enough probable cause to issue a search warrant. We also hold Donerson was not deprived of his right to confront witnesses, and that he did received effective assistance of counsel as guaranteed by the Constitution. For these reasons, we affirm the holdings of the trial court.
¶ 24. THE JUDGMENT OF THE WARREN COUNTY CIRCUIT COURT OF CONVICTION OF LARRY DONERSON OF POSSESSION OF CONTROLLED SUBSTANCE WITH INTENT TO DISTRIBUTE AND SENTENCE OF 20 YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH 5 YEARS SUSPENDED WITH FIVE YEARS PROBATION AND FINE OF $5,000 IS HEREBY AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO WARREN COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., PAYNE, THOMAS, LEE, IRVING, MYERS and CHANDLER, JJ., concur.