MYERS, P.J.,
for the Court.
¶ 1. On October 6, 2004, the Pike County Circuit Court convicted Robert A. Pass-man of possession of methamphetamine with intent to distribute and with possession of a firearm while intending to distribute. On October 8, 2004, the circuit court sentenced him to an enhanced sixty year sentence in the custody of the Mississippi Department of Corrections, two million dollar fine and fifty dollars restitution to the Mississippi Bureau of Narcotics. He appeals that conviction pro se raising the following four issues:
I. WHETHER OR NOT PASS-MAN’S ARREST WAS LEGAL AND WAS THERE PROBABLE CAUSE FOR A SEARCH.
II. WHETHER OR NOT THE TRIAL COURT ERRED BY NOT GRANTING PASSMAN’S MOTION FOR JNOY OR IN THE ALTERNATIVE, MOTION FOR A NEW TRIAL.
III. WHETHER OR NOT PASS-MAN WAS GIVEN AN APPROPRI *20 ATE SENTENCE UNDER THE RELEVANT STATUTES.
IV. WHETHER OR NOT PASS-MAN WAS GIVEN EFFECTIVE ASSISTANCE OF COUNSEL.
¶ 2. Finding no error, we affirm the judgment of the circuit court.
FACTS
¶ 3. On February 9, 2004, Mississippi Bureau of Narcotics (MBN) agents including Agent Billy Ray Warner monitored telephone calls between an informant and Robert A. Passman regarding the buying and selling of methamphetamine. Warner listened to these calls and recognized Pass-man’s voice because of previous contact with him. Passman indicated to the informant that she could come to his house for the methamphetamine but not to bring any money and she would have to consume the drug at his house. During these conversations Passman never used the word “methamphetamine” he referred to the drug as “girl”. The State presented testimony at trial which confirmed that “girl” was meant to mean methamphetamine. After hearing these conversations, Warner went to arrest Passman for conspiracy to distribute methamphetamine.
¶ 4. As Passman returned to his home, Warner and other agents pulled into his driveway behind him. Warner testified that he wanted to talk to Passman to see if he would cooperate. Warner gave Miranda warnings to Passman but did not place him under arrest at that time. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Passman admitted that he had some “straws” for using drugs in his house. Since “straws” are considered drug paraphernalia, Warner asked Passman for consent to search his house. Passman refused that consent. At that point Warner and the other agents placed Passman under arrest, and Warner left to obtain a search warrant for the house. Judge Price issued a search warrant after he placed Warner under oath, and Warner established probable cause with a statement of “underlying facts and circumstances.”
¶ 5. The search of Passman’s home revealed finger scales, folded pieces of aluminum foil with a plastic bag and a powder substance inside, a blue plastic straw, a wooden pipe, a butane torch, a police scanner and a .380 loaded handgun. Sharon Patton, a Mississippi Crime Lab analyst, testified at trial that the substance found in Passman’s home was methamphetamine. On June 18, 2004, Passman was indicted for possession of methamphetamine, at least one tenth of a gram and less than two grams, with intent to distribute and possession of a firearm while intending to distribute meth. The indictment was then later amended to possession of less than one tenth of a gram of methamphetamine with intent and enhanced for possession of a firearm.
¶ 6. Prior to trial, a suppression hearing was conducted to determine if the search of the home and Passman’s arrest were legal. Warner testified regarding the confidential informant and the telephone conversations he had monitored. The trial court determined that the recorded conversations provided ample probable cause and allowed this into evidence.
¶ 7. The trial court conducted another hearing to determine whether or not testimony from two people who had allegedly obtained methamphetamine from Passman was admissible. The trial court found that the probative value was greater than the prejudicial effect, and this testimony was allowed along with a limiting instruction to the jury.
¶ 8. Courtney Rockwell, the confidential informant, testified that Passman supplied *21 her with methamphetamine for several months. She also testified to the code Passman used for methamphetamine, “the girl”. Tracy Ladner also testified to Pass-man supplying him with methamphetamine. Ladner testified to the way he received the methamphetamine, in aluminum foil, the way the agents found the meth at Passman’s home. Passman presented no witnesses at trial. The jury was given instructions regarding “constructive possession” and lesser-included offenses.
¶ 9. Passman was found guilty by the jury and on October 8, 2004, the trial court sentenced him to thirty years for possession with intent to distribute under Mississippi Code Annotated § 41-29-152. That sentence was doubled because the jury found that Passman possessed a .380 handgun at the time he was intending to distribute the methemphetamine. Miss.Code Ann. § 41-29-152 (Rev.2005). This resulted in sixty years in the custody of the Mississippi Department of Corrections with a two million dollar fine and fifty dollars of restitution to Mississippi Bureau of Narcotics..
I. WHETHER OR NOT PASSMAN’S ARREST WAS LEGAL AND WAS THERE PROBABLE CAUSE FOR A SEARCH.
¶ 10. Passman claims that he was subjected to an illegal search and seizure, and that the informant was not reliable to establish probable cause for a search warrant. The trial court conducted a suppression hearing and ruled that the recorded telephone conversation was enough to guarantee that the informant was reliable to establish probable cause.
STANDARD OF REVIEW
¶ 11. The standard of review for both the admission or exclusion of evidence is abuse of discretion. Harrison v. McMillan, 828 So.2d 756, 765 (¶ 27) (Miss. 2002). Even if this Court finds an erroneous admission or exclusion of evidence, we will not reverse unless the error adversely affects a substantial right of a party. Gibson v. Wright, 870 So.2d 1250, 1258 (¶ 28) (Miss.Ct.App.2004). When reviewing a trial court’s ruling at a suppression hearing, this Court must assess whether after considering the “totality of the circumstances” there is substantial credible evidence to support the trial court’s findings. Price v. State, 752 So.2d 1070 (¶ 9)(Miss.Ct.App.1999)(citing Magee v. State, 542 So.2d 228, 231 (Miss.1989)).
DISCUSSION
¶ 12. Passman argues that Judge Price did not have probable cause to issue a search warrant. The judge issuing the search warrant has to make a practical common sense determination given all the circumstances based upon the hearsay of the person supplying the information. Bryant v. State, 746 So.2d 853, 859 (¶ 11)(Miss.Ct.App.1998). Therefore, we simply need to determine that there was a substantial basis for the magistrate’s determination of probable cause. Buggs v. State, 738 So.2d 1253 (¶ 5) (Miss.Ct.App.1999). The standard affidavit form required for the issuance of a warrant specifically states that hearsay may be used to establish probable cause. Davis v. State, 660 So.2d 1228, 1238 (Miss.1995). “Probable cause exists when facts and circumstances within an officer’s knowledge, or of which he has trustworthy information, are sufficient themselves to justify a man of average caution in the belief that a crime has been committed and that a particular person committed it.” Id. In Donerson v. State, this Court found that there was probable cause for a magistrate to issue a search warrant based upon an informant. Donerson v. State, 812 So.2d 1081, 1086 (¶ 9)(Miss.Ct.App.2001). Even though this *22 informant had never been used by these agents previously, the trial court stated that the reliability was confirmed by the recording. Therefore, there was probable cause to issue a search warrant for Pass-man’s home.
¶ 13. As to the arrest, Passman argues that his arrest was illegal. Pass-man admitted to Warner and the other agents that he had paraphernalia in his home. Since that of itself is in violation of the Mississippi Code Annotated, Warner had enough probable cause to place him under arrest. Whether an arrest is constitutionally valid depends on whether at the time the arrest was made the officers had probable cause to make it, and whether at that moment the facts and circumstances within their knowledge were sufficient to warn a prudent man in believing that the petitioner was committing or had committed an offense. Henry v. United States, 361 U.S. 98, 102, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959); Brinegar v. United States, 338 U.S. 160, 175-76, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949). The rule of probable cause is a practical, nontechnical conception affording the best compromise to accommodate opposing interests. Brinegar, 338 U.S. at 176, 69 S.Ct. 1302. The test for probable cause in Mississippi is the totality of the circumstances. Haddox v. State, 636 So.2d 1229, 1235 (Miss.1994). Passman actually told the agents in this situation that he had and was presently committing a crime by having possession of paraphernalia. Therefore, the agents had probable cause to arrest him, and this issue has no merit.
II. WHETHER OR NOT THE TRIAL COURT ERRED BY NOT GRANTING PASSMAN’S MOTION FOR JNOV OR IN THE ALTERNATIVE, MOTION FOR A NEW TRIAL.
¶ 14. Passman claims that there was no evidence shown that he would sell any drugs to the confidential informant (Rockwell). Passman goes further to allege that the State and the trial court failed in its duty to require the jury to find the presence of the weapon involved in this case.
STANDARD OF REVIEW
¶ 15. The standard of review for deciding whether or not a jury verdict is against the overwhelming weight of the evidence is that this Court must accept the evidence which supports the verdict as the truth and will reverse only if convinced that the circuit court abused its discretion in not granting a new trial. Price v. State, 898 So.2d 641, 652 (¶ 26) (Miss.2005). A new trial will not be ordered unless we are convinced that the verdict is so contrary to the overwhelming weight of the evidence, that, to allow the verdict to stand, would be to sanction an unconscionable injustice. Pearson v. State, 428 So.2d 1361, 1364 (Miss.1983).
DISCUSSION
¶ 16. This high standard is necessary because any factual disputes are properly resolved by the jury not by an appeals court. McNeal v. State, 617 So.2d 999, 1009 (Miss.1993). Passman argues that the State did not prove any elements of intent to distribute and possession. He also asserts that there was no evidence to prove that Passman had possession of this firearm. However, testimony was presented that Passman stated no other person lived with him or had been in his residence. The State provided testimony regarding the findings of the search at Passman’s home. The items found such as finger scales, police scanner, and foil were presented to the jury for them to decide whether or not these items represent distribution of drugs. In Bryant v. State, this Court determined that scanners, walk- *23 ie talkies, and scales when found along with drugs are a relevant factor for the jury to consider when deciding if a defendant was involved in the distribution of drugs. Bryant v. State, 746 So.2d 853, 860 (¶ 23) (Miss.Ct.App.1998). The only way this Court can overturn the jury’s findings is if the facts are so in favor of the defendant that reasonable men could not have found beyond a reasonable doubt that the defendant was guilty. Glass v. State, 278 So.2d 384, 386 (Miss.1973). Therefore, we hold that the verdict reached by the jury is consistent with the weight of the evidence presented by the State in this action.
III. WHETHER OR NOT PASSMAN WAS GIVEN AN APPROPRIATE SENTENCE UNDER THE RELEVANT STATUTES.
¶ 17. Passman asserts that his sentence is disproportionate to the crime committed and amounts to cruel and unusual punishment. Passman argues that he should be sentenced under Mississippi Code Annotated § 41-29-139(c)(l)(a). (Rev.2005) The State contends that Passman was sentenced under the guidelines of the Mississippi Code, and therefore, his sentence was not excessive.
STANDARD OF REVIEW.
¶ 18. Sentencing is within the complete discretion of the trial court and not subject to appellate review if it is within the limits prescribed by statute. Nichols v. State, 826 So.2d 1288, 1290 (¶ 10) (Miss.2002). A sentence that does not exceed the maximum term set by statute cannot be disturbed upon appeal. Fleming v. State, 604 So.2d 280, 302 (Miss.1992).
DISCUSSION
¶ 19. Passman made no objection to his sentence in the trial court, and objections to sentence cannot be made initially on appeal. Peterson v. State, 740 So.2d 940, 950 (¶ 30) (Miss.Ct.App.1999). Since Passman did not object to his sentence as being unconstitutional in the trial court, he is procedurally barred from raising this allegation on appeal. Reed v. State, 536 So.2d 1336, 1339 (Miss.1988); Billiot v. State, 454 So.2d 445, 455 (Miss.1984); Taylor v. State, 452 So.2d 441, 450 (Miss.1984).
¶ 20. Regardless of the procedural bar, Passman was sentenced under Mississippi Code Annotated § 41 — 29—139(b)(1) (Rev. 2005) which states:
In the case of controlled substances classified in Schedule I or II, as set out in Sections 41-29-113 and 41-29-115, except thirty (30) grams or less of marihuana, and except a first offender as defined in section 41-29-149(e) who violates subsection (a) of this section with respect to less than one (1) kilogram but more than thirty (30) grams of marihuana, such person may upon conviction, be imprisoned for not more than thirty (30) years and shall be fined not less than Five Thousand Dollars ($5,000.00) nor more than One Million Dollars ($1,000,-000.00) or both.
¶ 21. Methamphetamine is a Schedule II controlled substance under § 41-29-115(a) of the Mississippi Code Annotated, and according to § 41-29-152, possession of a handgun doubles the sentence for this conviction. Passman had no prior felonies; however, the trial judge stated at the sentencing hearing that Passman was the worst type of drug dealer, because he focuses on getting young people addicted. He also asserts that this is the worse type of crime and should warrant the full punishment the law allows. Therefore, the trial court sentenced Passman to sixty years to serve in the Mississippi Department of Corrections, a two million dollar *24 fine and fifty dollars in restitution to be paid the Mississippi Bureau of Narcotics. Even though Passman was only in possession of .04 grams of meth, that is irrelevant in regard to the statute.
¶ 22. The supreme court has held that a sentence which does not exceed statutory limits is not cruel or unusual punishment. Baker v. State, 394 So.2d 1376, 1378 (Miss.1981). In Stromas v. State, the Mississippi Supreme Court has ruled that “[d]rug offenses are very serious and the public has expressed grave concern with the drug problem. The legislature has responded in kind with stiff penalties for drug offenders. It is the legislatures prerogative and not this Court’s to set the length of sentences.” Stromas v. State, 618 So.2d 116, 123 (Miss.1993).
¶ 23. According to Mississippi Code Annotated § 41-29-149, the trial judge has the discretion to reduce the statutory sentence for first time offenders; however, there is nothing in our code which requires the judge to take into account the first time offender status when sentencing. Maldonado v. State, 796 So.2d 247, 261 (¶ 46) (Miss.Ct.App.2001). When the trial judge imposes a sentence within the statutory guideline, the sentence will generally be upheld and will not be thought to invoke the Eighth Amendment right against cruel and unusual punishment. Peterson v. State, 740 So.2d 940, 950 (¶ 31) (Miss.Ct.App.1999).
IV. WHETHER OR NOT PASSMAN WAS GIVEN EFFECTIVE ASSISTANCE OF COUNSEL.
¶ 24. Passman contends that his trial counsel failed to investigate, advocate and effectively defend him. Passman goes further to state that counsel did not object to evidence admitted as a result of an illegal search. The State contends that Pass-man’s counsel was effective and that this issue is without merit.
STANDARD OF REVIEW
¶ 25. In order to prove ineffective assistance of counsel, Passman must prove by a preponderance of the evidence that (1) counsel’s performance was defective, and (2) the defect was so prejudicial that it prevented Passman from receiving a fair trial. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Moody v. State, 644 So.2d 451, 456 (Miss.1994). The proper standard that is required to show prejudice requires Pass-man to prove that there is a reasonable probability that, but for counsel’s errors, the trial court’s result would have been different. Strickland, 466 U.S. at 669, 104 S.Ct. 2052. In order to successfully claim ineffective assistance of counsel, the defendant must meet the two-pronged test set forth in Strickland. Id. at 687, 104 S.Ct. 2052. The Strickland test requires a showing of (1) a deficiency of counsel’s performance (2) sufficient to constitute prejudice to the defense. McQuarter v. State, 574 So.2d 685, 687 (Miss.1990). The burden is on Passman to prove both prongs of the test. Id.
DISCUSSION
¶ 26. Passman asserts that his counsel was deficient because he failed to object to evidence being admitted as a result of an unlawful search. However, this assertion is incorrect. Passman’s counsel actually filed a motion to exclude this evidence, and a suppression hearing was held as a result of that motion. Pass-man has failed to meet the two-prong test set out in Strickland. Strickland, 466 U.S. at 687, 104 S.Ct. 2052.
¶ 27. Passman has the burden of proof for the first prong and “there is a strong presumption that counsel’s conduct falls within the wide range of reasonable pro *25 fessional assistance,” Id. at 689, 104 S.Ct. 2052. Passman still having the burden of proof, under the second prong even if counsel’s conduct is “professionally unreasonable,” the judgement still stands “if the error had no effect on the judgment.” Id. at 691, 104 S.Ct. 2052. Passman has not met this heavy burden by showing any evidence that results in a deficiency in counsel’s performance and that is sufficient to prejudice the defense. Id. Pass-man was entitled to a fair trial, not a perfect one, nor was he entitled to a constitutionally errorless counsel. Cabello v. State, 524 So.2d 313, 315 (Miss.1988). This issue is without merit.
¶ 28. Although we find Passman’s issue regarding ineffective assistance of counsel to be meritless, we are mindful of the Mississippi Supreme Court’s ruling in Read v. State. 430 So.2d 832, 841 (Miss.1983). This procedure requires us to do the following:
[CJonduct a thorough review of the record to see whether a determination can be made from the record that counsel’s performance was constitutionally substandard. “Assuming that the Court is unable to conclude from the record that defendant’s trial counsel was constitutionally ineffective,” the court is directed to consider any other issues raised in the appeal and, assuming no reversible error is found among them, to affirm “without prejudice to the defendant’s right to raise the ineffective assistance of counsel issue via appropriate post-conviction relief proceedings.”
Wash v. State, 807 So.2d 452, 461 (¶ 34) (Miss.Ct.App.2001) (quoting Read, 430 So.2d at 841).
We have also held in this regard:
We should reach the merits on an ineffective assistance of counsel issue on direct appeal only if “(1) the record affirmatively shows ineffectiveness of constitutional dimensions, or (2) the parties stipulate that the record is adequate to allow the appellate court to make the finding without consideration of the findings of fact of the trial judge.” Colenburg v. State, 735 So.2d 1099, 1101 (Miss.Ct.App.1999). If the issue is not examined because of the state of the record, and assuming the conviction is affirmed, the defendant may raise the ineffective assistance of counsel issue in post-conviction relief proceedings. Read, 430 So.2d at 841.
Pittman v. State, 836 So.2d 779, 787 (¶ 39) (Miss.Ct.App.2002).
¶ 29. Since the record was not clear in order to determine whether Passman’s counsel was deficient, this issue is affirmed without prejudice so that Passman may pursue this matter under the state’s post-conviction relief statute.
¶ 30. THE JUDGMENT OF THE PIKE COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF LESS THAN ONE TENTH GRAM OF METHAMPHETAMINE WITH INTENT TO DISTRIBUTE WHILE IN POSSESSION OF A FIREARM AND SENTENCE OF SIXTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, A FINE OF TWO MILLION DOLLARS AND RESTITUTION IN THE AMOUNT OF FIFTY DOLLARS TO THE MISSISSIPPI BUREAU OF NARCOTICS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PIKE COUNTY.
KING, C.J., LEE, P.J., IRVING, CHANDLER, GRIFFIS, BARNES and ISHEE, JJ., concur.
SOUTHWICK and ROBERTS, JJ., not participating.