942 So.2d 247 (2006)
Cozell LYONS, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-KA-02268-COA.
Court of Appeals of Mississippi.
June 27, 2006.
Rehearing Denied November 14, 2006.
*248 Edmund J. Phillips, attorney for appellant.
Office of the Attorney General by John R. Henry, attorney for appellee.
Before LEE, P.J., SOUTHWICK and ISHEE, JJ.
LEE, P.J., for the Court.

FACTS AND PROCEDURAL HISTORY
¶ 1. The Merchant and Farmers Bank in Philadelphia opened at 8:30 the morning of March 12, 2004, and lead teller Felicia Cook assisted Leigh Ann Fortenberry, her first customer of the day, without incident. While Cook was assisting Fortenberry, Cozell Lyons entered the bank sporting a pair of purple sunglasses. After Fortenberry concluded her business and left the bank, Lyons displayed a blue checkbook cover containing a note which instructed Cook to remain quiet because Lyons had a gun in his pocket.
¶ 2. Lyons then handed Cook a clear plastic bag, into which Cook immediately began placing money, including bills that had been earmarked by the bank for use in the event of a robbery. These bills, referred to as "bait money," have serial numbers which have been recorded by the bank for purposes of identifying the funds after a robbery has occurred. Lyons did not actually show Cook the weapon, keeping his right hand in his pocket for the duration of the robbery.
¶ 3. Lyons exited the bank and walked past Fortenberry as he counted the money. Meanwhile, Cook locked the door and called the police.
¶ 4. The police officers distributed copies of the picture of Lyons taken during the robbery by the bank's security camera, and the police soon learned Lyons's identity. *249 Officer Jimmy Reid, an investigator with the Philadelphia Police Department, and Danny Knight, of the Mississippi Bureau of Investigations, went to Lyons's mother's house in search of him. Although Claudia Lyons was not at home the first time the police went to her house, when she appeared later that evening, she gave the officers permission to search the house.
¶ 5. Officer Reid testified that the door to Lyons's room was open and he could see a suitcase and a pair of purple sunglasses on the bed. The officers obtained a warrant and subsequently arrested Lyons. When Lyons was arrested, the police discovered a key to a room registered to Edna Woods at the local Day's Inn. After securing a warrant, the police searched the motel room, finding the bait money from the robbery.
¶ 6. Lyons was convicted by a jury in the Circuit Court of Neshoba County of armed robbery and sentenced to serve a term of twenty-eight years in the custody of the Mississippi Department of Corrections. It is from this conviction that Lyons appeals, arguing the following: (1) the trial court erred in denying Lyons's motion to suppress evidence obtained in the search of Claudia Lyons's house; (2) the trial court erred in denying Lyons's motion to suppress evidence obtained from the Day's Inn; and (3) the trial court erred in denying Lyons's motion for a directed verdict, request for peremptory instruction and motion for a new trial. Finding no error, we affirm.
I. DID THE TRIAL COURT ERR IN DENYING LYONS'S MOTION TO SUPPRESS EVIDENCE SEIZED FROM CLAUDIA LYON'S HOUSE?
¶ 7. Lyons argues that the court erred in admitting evidence seized from his bedroom at Claudia Lyons's house. Lyons argues that because the officers securing the warrant to search Lyons's room did not present the municipal judge with a written summary of the underlying facts and circumstances articulating probable cause for the warrant, the warrant was invalid. The thrust of Lyons's argument is that the officers lacked probable cause to search Lyons's room, thus the court erred in failing to suppress the purple sunglasses.
¶ 8. Neither the warrant, nor the affidavit containing the underlying facts and circumstances are contained in the record before this Court. The record does contain testimony from Officers Jimmy Reid and Johnny Knight regarding information presented to Judge Donnie Adkins, who issued the warrant. Additionally, the record contains the testimony of Judge Adkins regarding the procurement of the warrant. "What credit to give to a witness's statement, including what should be considered incredible, is for the fact-finder at trial." Luckett v. State, 797 So.2d 339, 344(¶ 13) (Miss.Ct.App.2001). We find no compelling reason to reject the testimony of the officers and Judge Adkins. Furthermore, the Mississippi Supreme Court has held that when the written statement made in support of a search warrant is not entered into evidence as an exhibit or made part of the official record, review of the document's sufficiency to prove probable cause has been waived. Branch v. State, 347 So.2d 957, 958-59 (Miss.1977); see also McKinney v. State, 724 So.2d 928, 932 (¶¶ 13-15) (Miss.Ct.App.1998). We find no error in denying the motion to suppress.
II. DID THE TRIAL COURT ERR IN DENYING LYONS'S MOTION TO SUPPRESS EVIDENCE SEIZED FROM THE DAY'S INN?
¶ 9. Lyons argues that the police conducted a "warrantless trespass" into *250 the hotel room, and that the court erred in failing to suppress the money discovered in the room. Lyons cites to Davidson v. State, 240 So.2d 463 (Miss.1970), in support of his argument.
¶ 10. In Davidson, the defendant was convicted of receiving a stolen tractor. A game warden spotted the tractor on land owned by Davidson, and the warden entered the land to retrieve the tractor's serial number. The warden then submitted the information to the Quitman County Sheriff's Department, who secured a warrant to search the defendant's property. The supreme court reversed the conviction, finding that the warden illegally searched Davidson's property. Id. at 464. Because the sheriff's warrant was based upon the warden's illegal search, the fruit of the search was inadmissible. Id.
¶ 11. Lyons's case is distinguishable. Unlike Davidson, Lyons has failed to establish that he had a reasonable expectation of privacy in Edna Woods's motel room at the Day's Inn. "The proponent of a motion to suppress has the burden of establishing that his own Fourth Amendment rights were violated by the challenged search or seizure." Rakas v. Illinois, 439 U.S. 128, 132 n. 1, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); see also White v. State, 571 So.2d 956, 958-59 (Miss.1990). At the hearing on the motion to suppress, Lyon's attorney did not produce any evidence that Lyons had any expectation of privacy in the room, nor did he advance such an argument before the trial court. "A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed." Turner v. State, 573 So.2d 657, 665 (Miss.1990). As Lyons did not produce evidence that he had a reasonable expectation of privacy in Woods's hotel room, he lacked standing to contest the search and the admission of the evidence obtained as a result of the search.
¶ 12. Lyons also argues that the warrant was improper because the affidavit of the officer seeking the warrant contained hearsay. "A judge may make a determination of probable cause on any evidence offered to it, regardless of whether that evidence is admissible in court." Donerson v. State, 812 So.2d 1081, 1085(¶ 8) (Miss.Ct.App.2001). This issue is without merit.
III. DID THE TRIAL COURT ERR IN DENYING LYONS'S MOTION FOR A DIRECTED VERDICT, REQUEST FOR A PEREMPTORY INSTRUCTION AND MOTION FOR A NEW TRIAL?
¶ 13. "The standard of review for a denial of a directed verdict, peremptory instruction and a JNOV are identical." Hawthorne v. State, 835 So.2d 14, 21(¶ 31) (Miss.2003). These motions challenge the legal sufficiency of the evidence, and as such we review the ruling on the last occasion the challenge was made, in this instance the motion for a JNOV. Id. (citing McClain v. State, 625 So.2d 774, 778 (Miss. 1993)). A motion for a new trial challenges the weight of the evidence, and a reversal is only appropriate if the trial court abused its discretion in denying the motion for a new trial. Id. at (¶ 31). We must review the evidence in the light most favorable to the jury verdict, giving the State "the benefit of all favorable inferences that may reasonably be drawn from the evidence." McFee v. State, 511 So.2d 130, 133 (Miss.1987).
¶ 14. Lyons was indicted for armed robbery in violation of Mississippi Code Annotated Section 97-3-79 (Rev.2000), which provides, in pertinent part, as follows:

*251 Every person who shall feloniously take or attempt to take from the person or from the presence the personal property of another and against his will . . . by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon shall be guilty of robbery. . . .
Lyons argues that the State failed to prove that he exhibited a deadly weapon, as he kept his hand in his pocket during the course of the robbery, and Cook testified that she never actually saw a weapon.
¶ 15. Our supreme court recently addressed this issue in Dambrell v. State, 903 So.2d 681, 683(¶6) (Miss.2005), overruling Gibby v. State, 744 So.2d 244 (Miss.1999). In Gibby, the supreme court held that the victim's assumption that the defendant possessed a gun was insufficient to prove the exhibition of a deadly weapon under Section 97-3-79. Dambrell held as follows:
After careful consideration, this Court overrules Gibby v. State, 744 So.2d 244 (Miss.1999). We find that when a defendant makes an overt act and a reasonable person would believe that a deadly weapon is present, there is no requirement that a victim must actually see the deadly weapon in order to convict pursuant to Miss.Code Ann. Section 97-3-79. Therefore, a victim is not required to have "definite knowledge" of a deadly weapon in the sense that the weapon must actually be seen by the victim's own eyes.
Id.
¶ 16. Cook testified that she believed Lyons had a weapon, that his note indicated he had a gun, and that she was in fear for her life. The supreme court's ruling in Dambrell is clear; thus, we find this issue to be without merit.
¶ 17. THE JUDGMENT OF THE NESHOBA COUNTY CIRCUIT COURT OF CONVICTION OF ARMED ROBBERY AND SENTENCE OF TWENTY-EIGHT YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO NESHOBA COUNTY.
KING, C.J., MYERS, P.J., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.