IRVING, P.J.,
for the Court:
¶ 1. On June 9, 2009, Hubert Patton Jr. pleaded guilty to rape. Following his plea, the Madison • County Circuit Court sentenced Patton to twenty years’ imprisonment in the custody of the Mississippi Department of Corrections, with eight years to serve, twelve years suspended, and five years of supervised probation. On September 16, 2010, Patton filed a motion for post-conviction relief (PCR), which the circuit court denied. Feeling aggrieved, Patton appeals and argues that the circuit court erred in not conducting a competency hearing prior to accepting his guilty plea.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. On August 8, 2008, Patton asked *792 M.D.[1] to give him a ride to his cousin’s house in rural Madison County, Mississippi. When M.D. reached the location, which turned out to be deserted, Patton grabbed her by the neck, struck her in the chest, forced her to perform oral sex on him, and then forced her to have intercourse with him. On October 8, 2008, a Madison County grand jury indicted Patton for rape pursuant to Mississippi Code Annotated section 97-3-65(4)(a) (Supp. 2011)[2] and sexual battery pursuant to Mississippi Code Annotated section 97-3-95(l)(a) (Rev.2006). Patton entered into a plea agreement with the State whereby he agreed to plead guilty to rape in exchange for the State’s dismissal of the sexual-battery charge.
¶ 4. In his PCR motion, Patton argues that the circuit court erred in failing to hold a competency hearing before accepting his guilty plea. In support of his argument, Patton points to his attorney’s statements at the plea hearing that Patton had been diagnosed with schizophrenia. The circuit court acknowledged Patton’s attorney’s statements regarding Patton’s medical condition, but noted that Patton’s attorney also stated that Patton understood that he was pleading guilty. Additionally, the court noted that Patton acknowledged during the plea colloquy that he was pleading guilty to rape. Consequently, the circuit court determined that Patton was not entitled to a competency hearing and that his guilty plea had been given voluntarily.
¶ 5. Additional facts, as necessary, will be related during our analysis and discussion of the issue.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 6. An appellate court will not reverse a circuit court’s denial of a PCR motion unless the decision was clearly erroneous. Thorson v. State, 76 So.3d 667, 674 (¶ 18) (Miss.2011). However, questions of law are reviewed de novo. Id. at (¶ 19).
¶ 7. Patton contends that the circuit court should have conducted a competency hearing pursuant to Rule 9.06 of the Uniform Rules of Circuit and County Court. We disagree. Rule 9.06 states in part:
If before or during trial[,] the court, of its own motion or upon motion of an attorney, has reasonable ground to believe that the defendant is incompetent to stand trial, the court shall order the defendant to submit to a mental examination by some competent psychiatrist selected by the court in accordance with [section] 99-13-11 of the Mississippi Code Annotated [ (Rev.2007) ].
(Emphasis added). “Though geared towards competency to stand trial, Rule 9.06 may be applied to a defendant’s entry of a guilty plea.” Smith v. State, 831 So.2d 590, 593 (¶ 11) (Miss.Ct.App.2002). “The standard of competency necessary to enter *793 a plea of guilty is the same as that for determining competency to stand trial.” Id. (quoting Page v. State, 812 So.2d 1089, 1041 (¶ 6) (Miss.Ct.App.2001)). “The key phrase in assessing a [circuit] court’s responsibility to order a competency hearing is that a ‘reasonable ground’ exist.” Id. “The determination of what is ‘reasonable’ rests largely within the discretion of the [circuit court] because [it] sees the evidence first hand and observes the demean- or and behavior of the defendant.” Id. (quoting Richardson v. State, 722 So.2d 481, 486 (¶ 24) (Miss.1998)).
¶ 8. The following exchange occurred during Patton’s plea hearing:
THE COURT: Okay. Are you suffering from any mental disease or disorder?
MR. EVANS: Your Honor, for the record, it’s my understanding he’s been committed by his family to Whitfield [ (Mississippi’s state psychiatric facility) ] prior for schizophrenia and maybe bipolar disorder. He has been prescribed medication.
THE COURT: Okay. Is he suffering from any — you’ve talked to him today, Mr. Evans. Does he seem to understand what he’s doing?
MR. EVANS: Yes, your Honor.
THE COURT: Okay. Do you think he understands what he’s doing?
MR. EVANS: Yes, your Honor.
THE COURT: Okay. Mr. Patten [sic], tell me what you’re doing today.
PATTON: I’m pleading guilty to the charge that I have on me against [M.D.].
THE COURT: Okay. Are you under the influence of any drugs or intoxicating liquor?
PATTON: No, sir, not at the moment.
¶ 9. Based on the above colloquy, there was no reasonable ground to believe that Patton was incompetent to enter a guilty plea. The circuit court questioned Patton regarding his understanding of why he was before the court, and Patton stated that he knew that he was pleading guilty. The circuit court later offered Patton an opportunity to withdraw his plea, and when Patton refused, the court accepted his plea and determined that it was “freely, voluntarily, knowinglyf,] and intelligently made.” Based on the above, the circuit court did not err in failing to order a competency hearing. This issue is without merit.
¶10. THE JUDGMENT OF THE CIRCUIT COURT OF MADISON COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, RUSSELL, AND FAIR, JJ„ CONCUR.

. We have used initials to protect the victim’s identity.

. Section 97-3-65(4)(a) reads:
Every person who shall have forcible sexual intercourse with any person, or who shall have sexual intercourse not constituting forcible sexual intercourse or statutory rape with any person without that person's consent by administering to such person any substance or liquid which shall produce such stupor or such imbecility of mind or weakness of body as to prevent effectual resistance, upon conviction, shall be imprisoned for life in the State Penitentiary if the jury by its verdict so prescribes; and in cases where the jury fails to fix the penalty at life imprisonment, the court shall fix the penalty at imprisonment in the State Penitentiary for any term as the court, in its discretion, may determine.