LEE, C.J.,
for the Court:
FACTS AND PROCEDURAL HISTORY
¶ 1. On April 9, 2006, Donald Foster Estes entered the Walgreen’s pharmacy in Olive Branch, Mississippi. He approached the counter, lifted his shirt to show the pharmacist a plastic toy pistol, and demanded that she give him the painkiller Lortab. She gave Estes the Lortab, and he exited the store.
*431 ¶ 2. Estes was indicted by a DeSoto County grand jury for armed robbery under Mississippi Code Annotated section 97-8-79 (Rev.2006). Estes pleaded guilty and was sentenced to twenty years, with twelve years to serve in the custody of the Mississippi Department of Corrections and eight years of post-release supervision, five of those eight years reporting, and a $1,000 fine.
¶ 3. On August 10, 2011, Estes filed a petition for post-conviction collateral relief in the DeSoto County Circuit Court. The petition was summarily denied on December 6, 2011.
¶ 4. Estes now appeals, arguing his counsel was ineffective for: (1) allowing Estes to enter a guilty plea when the State could not prove the elements of armed robbery; (2) failing to move to suppress Estes’s statements; (3) failing to investigate Estes’s case and prepare a defense; and (4) failing to subject the State’s case to meaningful adversarial testing. We will address issues one, three, and four together, as they are related.
STANDARD OF REVIEW
¶ 5. When this Court reviews the trial court’s denial of a petition for post-conviction relief, it “will not disturb the trial court’s factual findings unless they are found to be clearly erroneous. However, where questions of law are raised[,] the applicable standard of review is de novo.” Terry v. State, 755 So.2d 41, 42 (¶ 4) (Miss.Ct.App.1999) (internal quotations omitted). When a defendant pleads guilty, “he must show unprofessional errors of substantial gravity.” The defendant must show his counsel’s conduct “proximately resulted in his guilty plea, and but for counsel’s errors, he would not have entered the plea.” Cole v. State, 918 So.2d 890, 894 (¶ 10) (Miss.Ct.App.2006).
DISCUSSION
¶ 6. To succeed on an ineffective-assistance-of-counsel claim, the appellant must satisfy the two-pronged test laid out in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by the Mississippi Supreme Court in Stringer v. State, 454 So.2d 468 (Miss.1984). “First, the defendant must show that counsel’s performance was deficient. ... Second, the defendant must show that the deficient performance prejudiced the defense.” Id. at 477 (quoting Strickland, 466 U.S. at 687, 104 S.Ct. 2052).
I. DEADLY WEAPON
¶ 7. Estes contends that the State could not prove each element of the armed robbery, and therefore, his counsel was ineffective for allowing him to plead guilty. Specifically, Estes claims that the State could not prove that he put the pharmacist “in fear of immediate injury to his person by the exhibition of a deadly weapon,” because he had a plastic toy pistol and not a “deadly weapon.” Estes also argues that his counsel was ineffective for failing to prepare a defense against the State’s contention that he possessed a deadly weapon, and that because of that failure, the State’s case was not subject to a meaningful adversarial testing.
¶ 8. When Estes pleaded guilty, he “waive[d] his constitutional right[ ] against self-incrimination, [his right] to confront witnesses, and the requirement to have each element of the offense proved beyond a reasonable doubt.” Bishop v. State, 812 So.2d 934, 945 (¶ 39) (Miss.2002).
¶ 9. Even so, the only element of the offense that Estes contends the State could not prove was the requirement of a “deadly weapon.” Relying on Gibby v. State, 744 So.2d 244 (Miss.1999), Estes *432 asserts that because he showed the pharmacist a toy pistol, she could not have “definite knowledge” that the deadly weapon existed. The Mississippi Supreme Court overruled Gibby in Dambrell v. State, 903 So.2d 681, 683 (¶ 6) (Miss.2005) and held that “when a defendant makes an overt act and a reasonable person would believe that a deadly weapon is present, there is no requirement that a victim must actually see the deadly weapon in order to convict pursuant to ... [section] 97-3-79.” Dambrell, 903 So.2d at 683 (¶ 6).
¶ 10. Furthering the holding of Dambrell, this Court in Lyons v. State, 942 So.2d 247, 250-51 (¶¶ 13-16) (Miss.Ct.App.2006), upheld an armed-robbery conviction where the defendant produced a note saying he had a gun. The Court noted that act was an overt act that led the victim to reasonably believe the defendant did possess a deadly weapon, which satisfied the purposes of section 97-3-79. Additionally, this Court stated in Trammell v. State, 62 So.3d 424, 428-29 (¶¶ 16-17) (Miss.Ct.App.2011), “[t]he fact that [the victim] never saw the weapon was of no matter” because the defendant had produced a note saying he had a gun, and the victim testified that she feared for her life.
¶ 11. At the plea hearing, the State asserted it could prove that the pharmacist was “in fear of immediate injury to her person by the exhibition of a deadly weapon, to wit, a gun.” When questioned by the court if Estes disagreed with anything the State claimed it could prove, Estes answered, “No, sir.”
¶ 12. Estes has not shown that his counsel’s performance was deficient, as required under Strickland. Furthermore, he has not shown that his counsel’s allegedly deficient performance “proximately resulted in his guilty plea, and [that] but for counsel’s errors, [he] would not have entered the plea.” Cole, 918 So.2d at 894 (¶ 10). This issue is without merit.
II. ESTES’S STATEMENTS
¶ 13. Estes argues that his counsel was ineffective for failing to move to suppress his statements because they were not voluntarily given, as he was under the influence of drugs.
¶ 14. This Court has found that “a plea of guilty waives any evidentiary issue.” Jefferson v. State, 855 So.2d 1012, 1014 (¶ 11) (Miss.Ct.App.2003) (citing Bishop v. State, 812 So.2d 934, 945 (¶ 39) (Miss.2002)). This waiver includes his “constitutional rights against self-incrimination....” Bishop, 812 So.2d at 945 (¶ 39).
¶ 15. Estes only makes bare assertions that his statements were involuntary. He offers no argument that but for his counsel’s errors, he would not have entered the plea. This issue is without merit.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY DENYING THE PETITION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ„ CONCUR. JAMES, J„ NOT PARTICIPATING.