# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CP-00008-COA

JOHNNY HOLTON                                                    APPELLANT

v.

STATE OF MISSISSIPPI                                             APPELLEE

DATE OF JUDGMENT:              12/02/2014
TRIAL JUDGE:                  HON. C.E. MORGAN III
COURT FROM WHICH APPEALED:    WINSTON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:       JOHNNY HOLTON (PRO SE)
ATTORNEY FOR APPELLEE:        OFFICE OF THE ATTORNEY GENERAL
                              BY: ALICIA MARIE AINSWORTH
NATURE OF THE CASE:           CIVIL - POSTCONVICTION RELIEF
TRIAL COURT DISPOSITION:      DENIED MOTION FOR POSTCONVICTION
                              RELIEF
DISPOSITION:                  AFFIRMED - 04/05/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE GRIFFIS, P.J., ISHEE AND FAIR, JJ.

### ISHEE, J., FOR THE COURT:

¶1.     Johnny Holton appeals the denial of his postconviction-relief (PCR) motion. On appeal, he argues his PCR motion was not time-barred since the trial judge should have sua sponte recused himself because he accepted the guilty plea that is the subject of the PCR motion, and his counsel was ineffective. Holton's PCR motion is time-barred and, alternatively, without merit. We affirm.

## FACTS

¶2.     On October 21, 2011, Holton pled guilty in Winston County Circuit Court to one count of sexual battery of a child under fourteen and one count of sexual battery of a child

under eighteen by a person in a position of trust or authority. The victims were Holton's stepdaughters. He was sentenced to thirty years on each count, with the sentences to run concurrently. In exchange for his plea, the State dropped seven other related counts against him. The final judgment of conviction was entered on October 25, 2011.

¶3. On November 24, 2014, Holton filed a PCR motion, asserting his counsel was ineffective, and this prejudiced his defense and rendered his plea involuntary. Holton argued his trial counsel: (1) "made poor strategic and tacti[cal] choices"; (2) acted with reckless disregard for Holton's best interest; (3) failed to investigate defense strategies; (4) failed to request a mental examination; and (5) failed to inform him of the minimum and maximum possible sentences and that he had thirty days to withdraw his plea and request a trial. The trial court summarily denied Holton's PCR motion.

¶4. Holton appeals, raising the following issues: (1) his PCR motion was timely; (2) the trial judge should have sua sponte recused since he had accepted Holton's guilty plea; and (3) his counsel was ineffective. We find Holton's PCR motion is time-barred and, alternatively, without merit.

## STANDARD OF REVIEW

¶5. "When reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's factual findings if they are clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review." *Martin v. State*, 138 So. 3d 267, 268 (¶3) (Miss. Ct. App. 2014).

## DISCUSSION

2

## I.      Time-Bar

¶6.     Unless an exception is shown, a challenge to a guilty plea must be brought within three years of the entry of the judgment of conviction. Miss. Code Ann. § 99-39-5(2) (Rev. 2015). Holton's judgment of conviction was entered on October 25, 2011, making the deadline to file his PCR motion October 25, 2014. Holton filed his PCR motion on November 11, 2014. Thus, his motion was untimely. Holton argues his PCR motion was due three years and thirty days from his conviction. There is no basis for this argument.

¶7.     The three-year time period to file a PCR motion begins "when [the supreme court or this Court] rules on direct appeal; when the time for filing an appeal expires, if no appeal is filed; or when the judgment of conviction is entered, if the defendant pleads guilty." *Rowland v. State*, 98 So. 3d 1032, 1035 (¶5) (Miss. 2012) (citing Miss. Code Ann. § 99-39-5(2)). Holton pled guilty. Thus, his three-year time period began on the date of his judgment of conviction, and not thirty days thereafter, as he argues. While an additional thirty days is allowed from the time of conviction when no direct appeal is taken, this provision does not apply here. Holton had no right to a direct appeal of his guilty plea. *See Wrenn v. State*, 121 So. 3d 913, 914 (¶3) (Miss. 2013) ("[W]here the defendant enters a plea of guilty and is sentenced, then no appeal from the circuit court to the Supreme Court shall be allowed.")

¶8.     Section 99-39-5(2) provides exceptions to the time-bar for intervening decisions of the United States Supreme Court or the Mississippi Supreme Court, newly discovered evidence, DNA evidence subject to new or additional testing, and instances where a movant's sentence has expired or his parole or conditional release has been unlawfully revoked. In

addition, errors affecting fundamental constitutional rights are excepted. *Rowland v. State*, 42 So. 3d 503, 506 (¶9) (Miss. 2010). Holton does not raise any of the exceptions listed in section 99-39-5(2). Thus, our analysis is limited to whether Holton has raised any errors affecting his fundamental constitutional rights.

## II. Recusal of Trial Judge

¶9. Holton argues the trial judge should have sua sponte recused himself from participation in the PCR proceeding because he had accepted the guilty plea that was the subject of the PCR motion. Holton asserts he was denied due process because the judge had prior knowledge of the case and was biased.

¶10. Holton's argument is procedurally barred, as he failed to raise it before the trial court. Any party may move for a trial judge's recusal within thirty days of the judge's assignment to the case. URCCC 1.15. "The failure to seek recusal generally is considered implied consent to have the judge go forward in presiding over the case." *Rice v. State*, 134 So. 3d 292, 299 (¶17) (Miss. 2014). "[A]ny argument to the contrary on appeal is barred." *Id.*

¶11. Notwithstanding the procedural bar, we find no merit to Holton's assertion that the trial judge was required to recuse. We apply an objective test to determine whether a trial judge must recuse. *Id.* at (¶18). "A judge is required to disqualify himself if a reasonable person, knowing all the circumstances, would harbor doubts about his impartiality." *Id.* "The judge is presumed to be qualified and unbiased, and the challenger bears the burden of overcoming this presumption." *Id.*

¶12. Holton has pointed to nothing in the record demonstrating an appearance of

4

impropriety on behalf of the judge. He only argues that the trial judge should not have presided over both his guilty-plea and PCR proceedings. However, presiding over both guilty-plea and PCR proceedings, alone, does not create an appearance of impropriety. *See Vance v. State*, 799 So. 2d 100, 104-05 (¶¶14-16) (Miss. Ct. App. 2001) (finding no appearance of impropriety where the same judge who accepted the guilty plea presided over the PCR proceeding, even when considering the judge imposed a greater sentence than recommended by the State). By accepting Holton's plea, the trial judge did not prohibitively engage in Holton's prosecution or conviction. *See Rice*, 134 So. 3d at 299 (¶19). Rather, the trial judge simply accepted Holton's plea and sentenced him consistent with the State's recommendation. Holton has failed to overcome the presumption that the judge was unbiased, and he has failed to show this issue is excepted from the time-bar.

### III. Ineffective Assistance of Counsel

¶13. Holton next argues he was denied the right to effective counsel. To show his counsel was ineffective, Holton must prove (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *Chaney v. State*, 121 So. 3d 306, 309 (¶8) (Miss. Ct. App. 2013) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). But because he pleaded guilty, all of his ineffective-assistance-of-counsel claims are waived, unless "the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea." *Adams v. State*, 117 So. 3d 674, 677 (¶10) (Miss. Ct. App. 2013). Thus, to prevail, Holton "must show that, were it not for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Burrough v. State*, 9 So. 3d 368, 375 (¶22) (Miss.

5

2009).  Holton has not shown this to be true.

### 1.    Failure to Request a Mental Examination

¶14.    Holton first argues his counsel was ineffective for failing to request a mental examination.  Uniform Rule of Circuit and County Court 9.06 states that a mental examination must be ordered upon motion of the trial court or counsel if there is "reasonable ground to believe that the defendant is incompetent to stand trial."  "Though geared towards competency to stand trial, Rule 9.06 may be applied to a defendant's entry of a guilty plea." *Patton v. State*, 96 So. 3d 790, 792 (¶7) (Miss. Ct. App. 2012).

¶15.    There is no indication in the record that Holton was incompetent to enter his plea, nor does Holton give any reason why his attorney should have questioned his competency. Holton was able to answer the trial court's questions during his guilty-plea hearing.  The trial court specifically asked him, "Are you presently under the influence of drugs or alcohol or undergoing any mental treatment?"  Holton answered, "No."

¶16.    Holton has attached to his brief an affidavit from his sister Reba Collier, which he argues supports his assertion that his attorney should have requested a mental examination. The affidavit is notarized and dated April 21, 2015. We note, however, that the trial court denied Holton's PCR motion on December 3, 2014.  The affidavit could not have been submitted to the trial court for review, and therefore is not part of the record on appeal. *Sherrod v. State*, 784 So. 2d 256, 259 (¶7) (Miss. Ct. App. 2001) (stating that this Court may not consider documents that were not before the trial court).  Holton has presented no evidence that his attorney should have requested a mental examination.  Thus, there is no

6

support for his assertion that his attorney was ineffective on this ground.

### 2. Failure to Inform

¶17. Holton next argues his trial counsel, as well as the trial court, failed to inform him that he had "[thirty] days" to "withdraw his guilty plea and opt for a trial" and that he had the right to file a PCR motion. He also argues his counsel and the trial court failed to inform him of the minimum and maximum possible sentences, and this rendered his guilty plea involuntary.

¶18. Assuming Holton's assertions are true, they are without merit. While Holton could have moved to withdraw his guilty plea, "the decision of whether to allow a defendant to withdraw a valid guilty plea . . . lies within the discretion of the trial court." *Burrough*, 9 So. 3d at 372-73 (¶11). Holton could not have simply withdrawn his plea and opted for a trial, as he suggests. Holton has not shown any ground for the withdrawal of his guilty plea, and he has not shown he was prejudiced by his attorney's alleged failure to inform him he could move to withdraw his guilty plea. Further, Holton has not shown prejudice from his attorney's alleged failure to inform him he could file a PCR motion.

¶19. Moreover, Holton's assertion that he was not informed of the minimum and maximum possible sentences is contradicted by the record. Holton stated under oath at his plea hearing that his attorney had informed him of the minimum and maximum sentences. Also, during the plea hearing, the trial court asked Holton:

> Do you understand that on the change you are pleading guilty to in Count II, the maximum sentence you could receive would be life? The minimum sentence you could receive would be 20 years? There is no minimum fine but a maximum fine of $10,000. . . . [I]n Count IX there is no minimum sentence

but a maximum sentence of 30 years. No minimum fine, but a maximum fine of $10,000.

Holton responded, "Yes, sir." Further, the minimum and maximum sentences are set out in Holton's signed plea petition, which he stated under oath that he had read and understood. Holton's claims regarding his attorney's ineffectiveness under this assignment of error are without merit.

### 3.     Failure to Act in Holton's Best Interest

¶20.    Holton argues his trial counsel failed to investigate the case, file any motions on his behalf, adequately confer with Holton regarding his rights and defenses, and negotiate a lesser sentence. He argues his counsel relied solely on the State's version of the facts and acted with "reckless disregard" for his best interest.

¶21.    Holton was indicted on a total of nine counts—two counts of touching a child for lustful purposes, three counts of sexual battery of a child under fourteen, two counts of sexual battery of a child at least fourteen but under sixteen, and two counts of sexual battery of a child under eighteen by a person in a position of trust or authority. Each count of sexual battery of a child under the age of fourteen alone carried a potential sentence of twenty years to life. Miss. Code Ann. § 97-3-101(3) (Rev. 2014). In exchange for his plea, the State dismissed seven of the charges and recommended a total sentence of thirty years to serve. We find no support for Holton's assertion that his attorney failed to negotiate on his behalf.

¶22.    Further, at his guilty-plea hearing, Holton stated under oath that his attorney had discussed the charges with him, the proof the State would need to convict him, and Holton's possible defenses. Holton further stated that he was satisfied with his attorney's

8

representation of him. He also stated he understood his plea, and he was not threatened or coerced into pleading guilty. After the State set out the factual basis for the charges, Holton admitted he committed the crimes as charged. "Great weight is given to statements made under oath and in open court during sentencing." *Gable v. State*, 748 So. 2d 703, 706 (¶11) (Miss. 1999). Holton's own statements contradict his assertions that his counsel failed to act on his behalf and failed to confer with him regarding his rights and defenses. In light of the record, we find no merit to Holton's argument that his counsel was ineffective.

## CONCLUSION

¶23. Holton has not shown a fundamental-constitutional-right violation to except any of his issues from the three-year time-bar. The issues raised are procedurally barred and, alternatively, without merit. The trial court's denial of Holton's PCR motion is affirmed.

¶24. **THE JUDGMENT OF THE WINSTON COUNTY CIRCUIT COURT DENYING THE MOTION FOR POSTCONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WINSTON COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, JAMES AND WILSON, JJ., CONCUR. GREENLEE, J., NOT PARTICIPATING.**