# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-00197-COA

**JESS GREEN A/K/A JESS LEE GREEN A/K/A JESS L. GREEN**                APPELLANT

**v.**

**STATE OF MISSISSIPPI**                APPELLEE

DATE OF JUDGMENT:              07/25/2016
TRIAL JUDGE:                  HON. DALE HARKEY
COURT FROM WHICH APPEALED:    JACKSON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:       JESS GREEN (PRO SE)
ATTORNEY FOR APPELLEE:        OFFICE OF THE ATTORNEY GENERAL
                              BY: LAURA HOGAN TEDDER
NATURE OF THE CASE:           CIVIL - POSTCONVICTION RELIEF
DISPOSITION:                  AFFIRMED - 09/19/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

> **EN BANC.**
>
> **LEE, C.J., FOR THE COURT:**

¶1.     In this appeal, we must determine whether the trial court erred in finding Jess Green's motion for postconviction relief (PCR) was time-barred and without merit. Finding no error, we affirm.

## PROCEDURAL HISTORY

¶2.     On August 4, 2008, in the Jackson County Circuit Court, Green pleaded guilty in cause number 2007-11,197 to two counts of kidnapping and two counts of sexual battery. Green simultaneously pleaded guilty in cause number 2007-11,198 to kidnapping, armed robbery, and attempted sexual battery. Green was ordered to serve thirty years for each count

in the custody of the Mississippi Department of Corrections, with the sentences to be served concurrently with each other.

¶3.     Green filed a PCR motion on July 27, 2015. The trial court denied Green's PCR motion in part, finding that most of Green's claims were time-barred and lacked merit. However, the trial court requested more information from the State regarding possible trace evidence recovered from one victim's car and whether this evidence was tested or capable of being tested. The State responded that no such evidence was collected. The trial court then denied Green's remaining claim and dismissed his PCR motion with prejudice.

¶4.     Green now appeals, asserting the trial court erred in finding the following issues were time-barred and/or without merit: (1) the accuracy of his presentence investigation report (PSI); (2) the reliability of the DNA results in both cause numbers; (3) the voluntariness of his guilty plea; (4) the denial of seventeen additional claims; (5) the denial of his motion for a default judgment; (6) the denial of his motion for recusal; and (7) the denial of his motion for appointment of counsel.

## STANDARD OF REVIEW

¶5.     When reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's decision if the trial court abused its discretion and the decision is clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review. *Hughes v. State*, 106 So. 3d 836, 838 (¶4) (Miss. Ct. App. 2012).

## DISCUSSION

¶6.     We first note that Green has sought PCR relief from more than one conviction.

Mississippi Code Annotated section 99-39-9(2) (Rev. 2015) limits a PCR motion "to the assertion of a claim for relief against one (1) judgment only. If a petitioner desires to attack the validity of other judgments under which he is in custody, he shall do so by separate motions." We have held that this means that "a separate motion for [PCR] must be filed for each cause number or conviction." *Bell v. State*, 2 So. 3d 747, 749 (¶5) (Miss. Ct. App. 2009). And we have found "[t]his rule applies even when . . . the multiple convictions were imposed in the same plea hearing and sentencing order." *Rigdon v. State*, 126 So. 3d 931, 934 (¶6) (Miss. Ct. App. 2013); *see also Hundley v. State*, 803 So. 2d 1225, 1229 (¶9) (Miss. Ct. App. 2001). However, the Mississippi Supreme Court recently declared this restriction unconstitutional, finding that our Constitution "grants the Legislature no power to limit the number of claims a litigant may plead in a particular hearing." *Ashwell v. State*, 2015-CT-00023-SCT, 2017 WL 3641243, at *2 (¶9) (Miss. Aug. 24, 2017) (mandate issued Sept. 14, 2017). The supreme court declined "to impose any such rule which . . . unnecessarily would require duplicate filings." *Id*.

¶7.    In *Ashwell*, the defendant filed a PCR motion attacking two convictions. *Id.* at *1 (¶4). The trial court denied relief from one conviction on the merits and from the other conviction because the defendant attacked both convictions in the same PCR motion. *Id*. The supreme court found this was error. *See id.* at *2 (¶9). As a result, we find Green's PCR motion is not procedurally barred for challenging more than one judgment.

¶8.    However, Green's PCR motion is time-barred, as he pleaded guilty in 2008 and filed his first PCR motion in 2015, well after the three-year statute of limitations set forth in

3

Mississippi Code Annotated section 99-39-5(2) (Rev. 2015). Nevertheless, we will address the merits of Green's appeal to determine whether he meets any exceptions to the procedural bar. *See* § 99-39-5(2)(a)-(b) (statutory exceptions to the time-bar); *Rowland v. State*, 42 So. 3d 503, 507 (¶12) (Miss. 2010) ("[E]rrors affecting fundamental constitutional rights are excepted from the procedural bars of the [Uniform Postconviction Collateral Relief Act (UPCCRA)].").

## I.      Presentence Investigation Report

¶9.     Green argues that his PSI report was inaccurate. The trial court determined that the use of PSI reports was discretionary, not mandatory; thus, Green had no right to a PSI report, and the procedural bar applied. We agree. A defendant does not have a right to a PSI. *Roberson v. State*, 595 So. 2d 1310, 1315 (Miss. 1992). Since no statutory exception applies and Green's fundamental constitutional rights have not been implicated, the time-bar applies.

## II.      DNA Results

¶10.     Green argues that the DNA results in both cause numbers were unreliable; thus, the DNA evidence should be subject to additional testing. To overcome the time-bar, Green must show that

> there exists biological evidence not tested, or, if previously tested, that can be subjected to additional DNA testing that would provide a reasonable likelihood of more probative results, and that testing would demonstrate by reasonable probability that the petitioner would not have been convicted or would have received a lesser sentence if favorable results had been obtained through such forensic DNA testing at the time of the original prosecution.

§ 99-39-5(2)(a)(ii). However, Green has failed to show how a different testing method would produce more probative results than the method originally used. We find no

applicable exception to the procedural bar.

### III. Involuntary Plea

¶11. Green claims his plea was involuntary. However, "[t]he time-bar includes a movant's PCR claim based on the involuntariness of a guilty plea." *Smith v. State*, 196 So. 3d 986, 996-7 (¶35) (Miss. Ct. App. 2015). Regardless of the time-bar, Green's claim is without merit. Green's plea colloquy shows that the judge thoroughly advised him of the various constitutional rights he was waiving by pleading guilty, and found that his plea was knowingly and intelligently entered. *See Dockery v. State*, 96 So. 3d 759, 763 (¶17) (Miss. Ct. App. 2012) (noting that the judge must advise a defendant of his rights, the nature of the charges, and the consequences of the plea to determine if the plea was voluntarily and intelligently given). This issue is without merit.

### IV. Additional Claims

¶12. Green lists sixteen additional claims that he argues are not time-barred: mental incompetence; newly discovered evidence; speedy trial; double jeopardy; right against self-incrimination; unlawful search and seizure; ineffective assistance of counsel; due-process violations; lack of an initial appearance; negative pretrial publicity; discovery violations; defective indictment; suggestive identification by the victim; improper consolidation of causes; "due process in sentencing"; and actual innocence. Of these additional claims, the majority are simply bare assertions with no additional information or supporting authority. Thus, we are not obligated to review these claims. *Cummings v. State*, 130 So. 3d 129, 132

5

(¶¶10-11) (Miss. Ct. App. 2013).[1] The other claims Green raises—speedy trial, right against self-incrimination, and unlawful search and seizure —were waived when Green pleaded guilty. *See Jones v. State*, 174 So. 3d 902, 907 (¶11) (Miss. Ct. App. 2015).

¶13. Green does contend that he was incompetent to enter a guilty plea. However, nothing in the record indicates this issue was ever raised before or during Green's guilty plea. This issue is without merit.

## V.    Default Judgment

¶14. Green argues that the trial court should have granted his motion for a default judgment when he did not receive the State's response to his PCR motion by the assigned date.

¶15. Mississippi Code Annotated section 99-39-11(3) (Rev. 2015) states that "[i]f the [PCR] motion is not dismissed under subsection (2) of this section, the judge shall order the [S]tate to file an answer or other pleading within the period of time fixed by the court . . . ." Here, the trial court ordered the State to respond to Green's allegations regarding DNA testing within thirty days of February 3, 2016. The State filed its response on March 7, 2016. Green then filed an entry of default with the clerk's office and a motion for a default judgment shortly thereafter. The trial court denied Green's motion, noting the lack of an entry of default by the clerk's office and the fact that the State did respond. We find no abuse of discretion by the trial court in denying Green's motion for a default judgment.

---

[1] We reiterate that "[e]rrors affecting fundamental constitutional rights are excepted from the procedural bars of the UPCCRA." *Rowland*, 42 So. 3d at 508 (¶16). However, merely asserting "a constitutional right violation is not sufficient to overcome the time[-]bar." *Stovall v. State*, 873 So. 2d 1056, 1058 (¶7) (Miss. Ct. App. 2004). "There must at least appear to be some basis for the truth of the claim before the [procedural bar] will be waived." *Crosby v. State*, 16 So. 3d 74, 79 (¶10) (Miss. Ct. App. 2009).

## VI. Motion for Recusal

¶16. Green contends the trial court erred in denying his motion for the trial judge's recusal. Green argues that the trial judge was biased because he also presided over Green's guilty-plea hearing in 2008. The judge denied Green's motion, finding that "the facts as alleged are insufficient to require recusal."

¶17. "A judge is required to disqualify himself if a reasonable person, knowing all the circumstances, would harbor doubts about his impartiality." *Rice v. State*, 134 So. 3d 292, 299 (¶18) (Miss. 2014). "The judge is presumed to be qualified and unbiased, and the challenger bears the burden of overcoming this presumption." *Id*. However, "presiding over both guilty-plea and PCR proceedings, alone, does not create an appearance of impropriety." *Holton v. State*, 189 So. 3d 697, 700 (¶12) (Miss. Ct. App. 2016). Green has failed to overcome the presumption that the judge was unbiased. This issue is without merit.

## VII. Appointment of Counsel

¶18. In his final issue on appeal, Green argues that the trial court erred in denying his request for appointed appellate counsel. However, "a criminal defendant has neither a state nor a federal constitutional right to appointed counsel in postconviction proceedings." *Watts v. State*, 981 So. 2d 1034, 1037 (¶6) (Miss. Ct. App. 2008). We cannot find the trial court abused its discretion in denying Green's request. This issue is without merit.

¶19. **AFFIRMED**.

**IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**