**IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI**

**NO. 2017-CP-01285-COA**

**JESS LEE GREEN A/K/A JESS GREEN A/K/A**          **APPELLANT**
**JESS L. GREEN**

**v.**

**STATE OF MISSISSIPPI**          **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 09/25/2017 |
| TRIAL JUDGE: | HON. DALE HARKEY |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JESS LEE GREEN (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LAURA HOGAN TEDDER |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 02/19/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**BARNES, C.J., FOR THE COURT:**

¶1.     Jess Green, appearing pro se, appeals the judgment of the Circuit Court of Jackson

County, which dismissed with prejudice his motion for post-conviction relief (PCR).

Finding no error, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2.     In January 2008, a Jackson County grand jury charged Green in two multi-count

indictments related to crimes against two different victims—Helen Brown and Mary Smith.[1]

_____

[1] We have used pseudonyms for both victims to protect their privacy. This case deals with the crimes against Smith, but we relate the facts of both incidents for context because Green pleaded guilty to crimes against both victims at the same hearing.

In cause number 2007-11,197(3), Green was charged with two counts of kidnapping, two counts of sexual battery, and one count of armed robbery for his abduction of Brown and her infant daughter from the Walmart parking lot in Ocean Springs, Mississippi, on June 30, 2007. Green forced himself into Brown's vehicle and told her to drive to a secluded area where he displayed a handgun and forced her to have oral and vaginal sex. Brown's child was in the back seat. Green then took Brown's cell phone to prevent her from calling anyone.

¶3. For a similar incident two days later, Green was charged in cause number 2007-11,198(1) with one count of kidnapping, one count of armed robbery, and one count of attempted sexual battery for his abduction of Smith from the same Walmart parking lot. At the plea hearing, the prosecutor relayed the factual basis for these charges:

> [I]t's alleged that the defendant, Jess Lee Green, on July 2, 2007, at Walmart in Jackson County, Mississippi, kidnapped [Smith] by holding her against her will, made her get into her car and drive to a secluded area. He on that day also armed robbed her, had a handgun, put her in fear of immediate injury and took money and a cell phone from her and there was an attempted sexual battery on that day. She was able to escape from the car and left the scene.

¶4. On August 4, 2008, Green pleaded guilty to all of the charges against both victims in both indictments. Green was sentenced to thirty years in the custody of the Mississippi Department of Corrections for each offense with the sentences to run concurrently.

¶5. In July 2015, Green filed a PCR motion challenging all of the convictions in both indictments. The trial court ultimately denied all of the claims of Green's PCR motion, finding they were time-barred and lacked merit, and dismissed his motion with prejudice.

2

Green appealed.

¶6. In October 2016, while his appeal was pending in this Court and approximately three months after the trial court denied and dismissed his first PCR motion, Green filed the instant PCR motion. Unlike his first PCR motion, this motion challenged only the convictions related to Smith in cause number 2007-11,198(1). He argued that there was no factual basis to accept his guilty plea for the charges, and the trial court erred in failing to conduct a competency hearing after the judge remarked at the sentencing hearing that Green must have "some kind of mental problem" to commit such "outrageous" crimes.

¶7. On September 19, 2017, this Court affirmed the trial court's denial of his first PCR motion in *Green v. State* (*Green I*), 242 So. 3d 176 (Miss. Ct. App. 2018). This Court agreed with the trial court that the motion was time-barred and lacked merit. *Id.* at 178 (¶1).

¶8. On September 25, 2017, the trial court dismissed Green's second PCR motion with prejudice, finding it time-barred, successive, and without merit.[2] Green timely appeals.

## STANDARD OF REVIEW

¶9. "The trial court's denial or dismissal of a PCR motion is reviewed for an abuse of discretion. The appellate court will not disturb the trial court's factual findings unless they are clearly erroneous. Questions of law are reviewed de novo." *Purvis v. State*, 240 So. 3d 468, 470 (¶7) (Miss. Ct. App. 2017) (citation omitted).

---

[2] Green filed a third PCR motion solely attacking his convictions in cause number 2007-11,197(3), which the circuit court denied. Green's appeal is pending before this Court in *Green v. State*, 2017-TS-01668-COA.

**ANALYSIS**

### I. Procedural Bars

¶10. The trial court found Green's PCR motion procedurally barred as a successive writ and time-barred. An order denying or dismissing a PCR motion bars a second or successive motion. Miss. Code Ann. § 99-39-23(6) (Rev. 2015). When a subsequent PCR motion is filed, "[t]he movant bears the burden of 'proving by a preponderance of the evidence that his claims are not barred as successive writs.'" *Williams v. State*, 110 So. 3d 840, 843 (¶13) (Miss. Ct. App. 2013). Additionally, the claims made in Green's second PCR motion were raised in his first PCR, which also included numerous other claims. Thus, the doctrine of res judicata bars the issues previously raised. *See Stokes v. State*, 199 So. 3d 745, 748 (¶4) (Miss. Ct. App. 2016) (citing Miss. Code Ann. § 99-39-23(6)).

¶11. Further, a PCR motion challenging a guilty plea must be filed within three years of the entry of the judgment of conviction. Miss. Code Ann. § 99-39-5(2) (Rev. 2015). Green filed his second PCR motion on October 24, 2016, more than eight years after pleading guilty and approximately three months after the trial court denied and dismissed all of his claims asserted in his original PCR motion. Moreover, Green's PCR claims fail to meet any of the statutory exceptions to the successive writ and time-bars. Therefore, his PCR motion is procedurally barred.

¶12. Green attempts to overcome the procedural bar by arguing his motion is excepted under *Rowland v. State*, 42 So. 3d 503, 506 (¶9) (Miss. 2010), which held that "errors

affecting fundamental constitutional rights are excepted from the procedural bars of the [Uniform Post-Conviction Collateral Relief Act]." Green contends that "[a]ny violation of due process is a violation of a 'fundamental right.'" However, in Mississippi, the only rights found to be "fundamental" to date include double jeopardy, an illegal sentence, denial of due process at sentencing, and ex-post-facto claims.[3] *Boyd v. State*, 155 So. 3d 914, 918 (¶13) (Miss. Ct. App. 2015). As the trial court noted, none of Green's claims invoke a fundamental-rights exception, and they are accordingly barred. Notwithstanding the procedural bar, we shall discuss the merit of his two claims.

## II.     Guilty Plea

¶13.    Green argues the trial court erred in accepted his guilty plea without a factual basis. He also claims the trial court did not fully inform him of the elements of the crime during the plea hearing.

¶14.    Rule 8.04(A)(3) of the Uniform Rules of Circuit and County Court formerly provided that "[b]efore the trial court may accept a plea of guilty, the court must determine that the plea is voluntarily and intelligently made and that there is a factual basis for the plea."[4] To

---

[3] In *Chapman v. State*, 167 So. 3d 1170, 1173-74 (¶¶10, 12-13) (Miss. 2015), the supreme court held that under certain "extraordinary circumstances" a trial counsel's failure "to ensure a defendant can adequately appeal his conviction" excepted a PCR motion from the statutory time-bar. *See also Brown v. State*, 187 So. 3d 667, 671 (¶7) (Miss. Ct. App. 2016) (applying *Chapman*).

[4] The Uniform Rules of Circuit and County Court relating to criminal practice have been supplanted by the Mississippi Rules of Criminal Procedure, effective July 1, 2017; however, the former rules were still in effect at the time of Green's guilty plea.

5

establish a factual basis, the trial court must:

> have before it, inter alia, substantial evidence that the accused did commit the legally defined offense to which he is offering the plea. What facts must be shown depends on the crime and its assorted elements. There are numerous ways by which the facts may be found, but what ultimately is required is "there must be enough that the court may say with confidence the prosecution could prove the accused guilty of the crime charged."

*Burrough v. State*, 9 So. 3d 368, 373 (¶14) (Miss. 2009) (italics and citations omitted) (quoting *Corley v. State*, 585 So. 2d 765, 767 (Miss. 1991)).

¶15.   "A defendant *may* establish a factual basis for his guilty plea simply by pleading guilty; however, his plea 'must contain factual statements constituting a crime *or* be accompanied by independent evidence of guilt.'" *Aucoin v. State*, 17 So. 3d 142, 146 (¶11) (Miss. Ct. App. 2009) (quoting *Hannah v. State*, 943 So. 2d 20, 26-27 (¶16) (Miss. 2006)). A factual basis can also be established by "a statement of the prosecutor, the testimony of live witnesses, and prior proceedings, or an actual admission by the defendant. An indictment can also be used as the sole source of the factual basis for a guilty plea if sufficiently specific." *Watkins v. State*, 170 So. 3d 582, 587 (¶16) (Miss. Ct. App. 2014) (citations and quotation marks omitted).

¶16.   The trial court found the transcript of the plea colloquy demonstrated a more than adequate factual basis for accepting Green's plea in this cause. Green, however, claims that because he denied some of the elements of each offense during the plea colloquy, there is no factual basis for any of the charges, and his guilty plea is thus invalid. At the plea hearing, on the kidnapping charge Green denied that he forced Smith into his vehicle, but

6

instead he "asked her for a ride" and she gave him one. For the armed robbery charge, Green admitted to "pull[ing] a gun" on Smith and taking her cell phone. However, on appeal Green points out that the "deadly weapon" was not a firearm, but a "toy gun."[5] Green asked her for money as well, and she gave him three dollars. For the attempted sexual battery charge,[6] he denied at the hearing that he "unzipped his pants" as the indictment read, and argues there was no "overt act toward the commission of" sexual penetration. However, he admitted to putting his hand on her leg as a "sexual advance" while he still had his "weapon."

¶17. We are not persuaded by Green's arguments. The indictment, the prosecutor's statement, and Green's testimony all establish a sufficient factual basis for the crimes charged. Additionally, the reviewing court is not limited to the transcript of the guilty plea hearing, but must review the record as a whole to discern whether a sufficient factual basis exists. *Gaskin v. State*, 618 So. 2d 103, 108 (Miss. 1993). As the State notes, the appellate

---

[5] The police report stated the "gun" was actually an "air pistol," and in his interview Green acknowledged he had a plastic gun. However, this Court has found a toy gun satisfied the deadly weapon requirement of an armed robbery conviction under Mississippi Code Annotated section 97-3-79 (Rev. 2014) when there was "an overt act that led the victim to reasonably believe the defendant did possess a deadly weapon . . . ." *Estes v. State*, 120 So. 3d 429, 432 (¶10) (Miss. Ct. App. 2013) (citing *Lyons v. State*, 942 So. 2d 247, 250-51 (¶¶13-16) (Miss. Ct. App. 2006)). Here, the police report showed the victim reasonably believed the gun was real.

[6] *See* Miss. Code Ann. § 97-1-7 (Rev. 2014) (punishment for the crime of attempt). "An attempt consists of three elements: '(1) an intent to commit a particular crime; (2) a direct ineffectual act done toward its commission; and (3) the failure to consummate its commission.'" *Ishee v. State*, 799 So. 2d 70, 73 (¶6) (Miss. 2001) (quoting *Bucklew v. State*, 206 So. 2d 200, 202 (Miss. 1968)).

record related to Green's prior PCR motion provides a more complete and detailed factual basis for these charges than the sparse record presented in this appeal.[7] The prior record includes documentation of the police investigation and reports, the victim's statement, and detailed interviews with Green where he admits to all of the crimes. Further, the same trial court judge ruled on both the current and prior PCR motion, and would be aware of the facts of the prior record even if such details were not provided in the current record.

¶18. These facts clearly show Green persuaded Smith through deception to let him into her vehicle by telling her he needed a ride. Green instructed Smith to drive to a secluded place by stating that is where he wanted to be let out, then brandished what appeared to be a deadly weapon, confining Smith against her will. Green then robbed Smith of her telephone and money,[8] after putting his hand on her leg in an attempt at sexual battery while he still had the gun. Substantial evidence was presented that Green committed the crimes to which he pleaded guilty.

¶19. Moreover, Green was fully informed of the elements of the charges against him at the plea hearing. The prosecutor read into the record the charges of the indictment that included the elements of the crimes. Additionally, Green testified under oath that he had discussed all of the charges and possible defenses with his attorney. Finally, Green testified he was

---

[7] *See Green I*, 242 So. 3d at 180 (¶13).

[8] In the police interview, Green stated he requested Smith perform oral sex on him; however, Smith refused. Green stated he "acted like" he was going to pull down his pants but did not. Smith then escaped from the vehicle and ran away.

pleading guilty because he was, in fact, guilty.  This issue is without merit.

### III.    Competency Hearing

¶20.    In his first PCR motion, Green argued that he was mentally incompetent to plead guilty.  Here, he makes a similar argument about the trial court's failure to address his "self-evident psychological problems" and to conduct a competency hearing sua sponte after the trial judge remarked at the sentencing hearing that Green's crimes were so "outrageous" they "demonstrate[d] . . . some kind of mental problem."

¶21.    Uniform Rule of Circuit and County Court 9.06 previously stated in part:  "If before or during trial the court, of its own motion or upon motion of an attorney, has reasonable ground to believe that the defendant is incompetent to stand trial, the court shall order the defendant to submit to a mental examination . . . ."  The defendant "bears the burden of proof to show by substantial evidence that his competency to stand trial is in question." *Higginbotham v. State*, 122 So. 3d 1205, 1210 (¶14) (Miss. Ct. App. 2013).  Green fails to meet his burden.

¶22.    Green made a similar argument during his previous appeal, and this Court ruled "nothing in the record indicates this issue was ever raised before or during Green's guilty plea." *Green I*, 242 So. 3d at 180 (¶13).  In the order denying Green's instant PCR motion, the trial judge explained that while "[t]he statements certainly reflect the Court's lack of understanding of the depravity exhibited by Green in the commission of his crimes, [they] in no way implicate [Green's] mental acuity or competency to stand trial."

¶23. The trial judge's comments were merely remarks on the heinous nature of Green's crimes against the two victims and do not indicate any evidence of Green's mental incompetency. Further, although Green states in his brief that he has a history of mental incompetency, Green provides no evidence of such through medical records or other proof. Additionally, at the plea hearing, Green testified that he did not have a history of mental illness or disease. A reviewing court "is entitled to place great weight on the sworn testimony of a defendant given at a plea hearing, and a defendant faces a rather high hurdle in recanting that testimony." *Baldwin v. State*, 923 So. 2d 218, 222 (¶11) (Miss. Ct. App. 2006). This issue is without merit.

¶24. Accordingly, we affirm the trial court's dismissal of Green's PCR motion.

¶25. **AFFIRMED.**

**CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD AND McCARTY, JJ., CONCUR. LAWRENCE AND C. WILSON, JJ., NOT PARTICIPATING.**