# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CP-01668-COA

**JESS LEE GREEN A/K/A JESS GREEN A/K/A**        **APPELLANT**
**JESS L. GREEN**

**v.**

**STATE OF MISSISSIPPI**        **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 11/02/2017 |
| TRIAL JUDGE: | HON. DALE HARKEY |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JESS LEE GREEN (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ABBIE EASON KOONCE |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 10/01/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE J. WILSON, P.J., McDONALD AND McCARTY, JJ.**

**J. WILSON, P.J., FOR THE COURT:**

¶1. Jess Green appeals from the dismissal of his third motion for post-conviction relief

(PCR). We find no error and affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. In January 2008, a Jackson County grand jury charged Jess Green in two different

multi-count indictments arising out of similar but separate incidents.[1] In cause number 2007-

11,197(3), he was charged with two counts of kidnaping, two counts of sexual battery, and

---

[1] The facts underlying the two indictments are discussed in this Court's opinion in *Green v. State*, No. 2017-CP-01285-COA, 2019 WL 667866, at \*1 (¶¶2-3) (Miss. Ct. App. Feb. 19, 2019), *cert. denied*, 276 So. 3d 660 (Miss. 2019).

one count of armed robbery.  In cause number 2007-11,198(1), he was charged with one count of kidnaping, one count of armed robbery, and one count of attempted sexual battery.  In August 2008, Green pled guilty to all charges in both indictments.  The circuit court accepted Green's plea and sentenced him to serve thirty years in the custody of the Department of Corrections on each count, with the sentences to run concurrently.

¶3.     Green has since filed three PCR motions.  In 2015, he filed a PCR motion challenging all of his convictions under both indictments.  Green alleged, among other things, that DNA evidence from his case should be subjected to additional testing because the original tests were unreliable.  *Green v. State*, 242 So. 3d 176, 179 (¶10) (Miss. Ct. App. 2017), *cert. denied*, 246 So. 3d 68 (Miss. 2018).  The circuit court denied the motion, and we affirmed.  *Id.* at 178 (¶1).  As to Green's DNA claim, we held that "Green . . . failed to show how a different testing method would produce more probative results than the method originally used."  *Id.* at 179 (¶10).  Therefore, we held that his claim was not excepted from the three-year statute of limitations under the Uniform Post-Conviction and Collateral Relief Act (UPCCRA).  *Id.* (citing Miss. Code Ann. § 99-39-5(2) (Rev. 2015)).

¶4.     In 2016, while his first appeal was pending, Green filed a second PCR motion.  His second motion raised some of the same claims as his first motion but only addressed his convictions in cause number 2007-11,198(1).  The circuit court denied the motion, and we affirmed.  *Green*, 2019 WL 667866, at *1 (¶1).  We held that Green's claims were barred by the statute of limitations and the UPCCRA's bar on successive PCR motions.  *Id.* at *2 (¶¶10-12); *see* Miss. Code Ann. § 99-39-23(6) (Rev. 2015) (providing that an order denying

2

a PCR motion "shall be a bar to a second or successive [PCR] motion"). We also held that the doctrine of res judicata barred Green's claims because he had raised the same claims in his first PCR motion. *Green*, 2019 WL 667866, at *2 (¶10).

¶5.	Green's third PCR motion, which he filed in 2017, is the subject of this appeal. His third motion addresses only his convictions in cause number 2007-11,197(3). In this motion, Green again asserts that DNA evidence from his case could be subjected to additional testing and that "such additional testing would provide a reasonable likelihood of more probative results." Green attached several documents to his motion, including a letter addressed to him from an expert in DNA analysis. The expert advised Green that the original DNA testing in his case was still considered "reliable" and capable of identifying a DNA "match 'to a reasonable degree of scientific certainty.'" The circuit court denied Green's motion, holding that it was barred by the statute of limitations, the bar on successive PCR motions, and the doctrine of res judicata. Green appealed.

## ANALYSIS

¶6.	The circuit court properly dismissed Green's third PCR motion. Green's only claim in this appeal—that DNA evidence should be subjected to additional testing—is the exact same claim that this Court rejected just two years ago. Therefore, it is barred by the doctrine of res judicata. *See Green*, 2019 WL 667866, at *2 (¶10) (holding that res judicata bars re-litigation of the same issues and claims that were raised in a prior PCR motion).

¶7.	Green's claim is also barred by the statute of limitations. The statute does contain an exception for "cases in which the petitioner can demonstrate," among other things, that "there

3

exists biological evidence . . . that can be subjected to additional DNA testing that would provide a reasonable likelihood of more probative results." However, Green fails to make such a showing. Indeed, the letter that he attached to his PCR motion indicates that the original tests utilized in this case are still considered reliable. Accordingly, the exception to the statute of limitations does not apply. *See Green*, 242 So. 3d at 179 (¶10) (holding that Green's prior DNA claim was barred by the statute of limitations).

¶8. Finally, Green's motion is an impermissible successive motion. Miss. Code Ann. § 99-39-23(6). A successive PCR motion is permitted if the "petitioner has requested DNA testing" and "asserts new or different grounds for relief related to DNA testing not previously presented or the availability of more advanced DNA technology." *Id.* However, Green presents the same claim that this Court rejected just two years ago. *Green*, 242 So. 3d at 179 (¶10). Therefore, the bar on successive PCR motions also applies.

¶9. For each of the foregoing reasons, the circuit court's order dismissing Green's third PCR motion is **AFFIRMED**.

**BARNES, C.J., CARLTON, P.J., GREENLEE, WESTBROOKS, TINDELL, McDONALD, McCARTY AND C. WILSON, JJ., CONCUR. LAWRENCE, J., NOT PARTICIPATING.**