# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CP-01299-COA

**JESS LEE GREEN A/K/A JESSE LEE GREEN**          **APPELLANT**
**A/K/A JESS GREEN A/K/A JESSE L. GREEN**

**v.**

**STATE OF MISSISSIPPI**          **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 10/20/2021 |
| TRIAL JUDGE: | HON. DALE HARKEY |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JESS LEE GREEN (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 01/24/2023 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE BARNES, C.J., GREENLEE AND WESTBROOKS, JJ.**

**GREENLEE, J., FOR THE COURT:**

¶1. Jess Green appeals from the dismissal of his fourth motion for post-conviction collateral relief (PCR). We find no error and affirm the circuit court's order.

## FACTS AND PROCEDURAL HISTORY

¶2. In 2008, in the Jackson County Circuit Court, Green pled guilty in cause number 2007-11,197(3) to two counts of kidnapping, two counts of sexual battery, and one count of armed robbery. He also pled guilty in cause number 2007-11,198(1) to one count of kidnapping, one count of armed robbery, and one count of attempted sexual battery. He was sentenced to thirty years in the custody of the Mississippi Department of Corrections for each

offense with the sentences ordered to run concurrently.[1]

¶3. In 2015, Green filed his first PCR motion raising several issues. *Green v. State* (*Green I*), 242 So. 3d 176, 178 (¶3) (Miss. Ct. App. 2017). Green alleged, among other things, that trace evidence was collected in cause number 2007-11,198(1) but not tested, which, he contended, if tested, would require his convictions and sentences to be vacated. The State, however, demonstrated that while an officer "attempted to lift trace evidence," no such evidence was logged in the case file, nor was any such "trace evidence" located after a search of the records. Therefore, the circuit court found that Green had not shown that such evidence existed and was available for DNA testing, nor had he made a credible argument that such testing would "demonstrate a reasonable probability that [he] would not have been convicted or would have received a lesser sentence."[2]

¶4. Additionally, Green alleged that DNA evidence in both cause numbers should be subjected to additional testing because the original tests were unreliable. *Id*. at 179 (¶10). The circuit court dismissed this claim. On appeal, this Court noted that "Green . . . failed to show how a different testing method would produce more probative results than the method originally used." *Id*. Therefore, we held that Green's claim failed to overcome the three-year

---

[1] The facts underlying Green's convictions are discussed in this Court's opinion in *Green v. State* (*Green II*), No. 2017-CP-01285-COA, 2019 WL 667866, at *1 (¶¶2-3) (Miss. Ct. App. Feb. 19, 2019), *cert. denied*, 276 So. 3d 660 (Miss. 2019).

[2] The facts in this paragraph were obtained from the circuit court's order dismissing Green's PCR motion in *Green I*. "This Court has held that we may take judicial notice of a circuit court's prior orders denying or dismissing a movant's PCR motions . . . ." *Mangum v. State*, 333 So. 3d 634, 637-38 (¶14) (Miss. Ct. App. 2022) (citing *O'Neal v. State*, 281 So. 3d 274, 277 (¶11) (Miss. Ct. App. 2019)). The circuit court's order entered on July 25, 2016, is part of the public record in Appellate Case Number 2016-CT-00197-COA.

statute of limitations under the Uniform Post-Conviction Collateral Relief Act (UPCCRA). *Id*.; *see* Miss. Code Ann. § 99-39-5(2) (Rev. 2020) (providing that "in case of a guilty plea, [a PCR motion shall be made] within three (3) years after entry of the judgment of conviction").

¶5. In 2016, Green filed a second PCR motion addressing only his convictions in cause number 2007-11,198(1). *Green v. State* (*Green II*), No. 2017-CP-01285-COA, 2019 WL 667866, *1 (¶6) (Miss. Ct. App. Feb. 19, 2019). The circuit court dismissed Green's PCR motion, and this Court affirmed. *Id*. at (¶1). We held that Green's claims were barred by the statute of limitations and the UPCCRA's bar on successive PCR motions. *Id*. at *2 (¶¶10-12); *see* Miss. Code Ann. § 99-39-23(6) (Rev. 2020) (providing that an order dismissing a PCR motion "shall be a bar to a second or successive [PCR] motion"). We also held that the doctrine of res judicata barred Green's claims because he had raised the same claims in his first PCR motion. *Green II*, 2019 WL 667866, at *2 (¶10).

¶6. In 2017, Green filed a third PCR motion addressing only his convictions in cause number 2007-11,197(3). *Green v. State* (*Green III*), 294 So. 3d 634, 636 (¶5) (Miss. Ct. App. 2019). As in *Green I*, Green alleged that DNA evidence from his case could be subjected to additional testing and that "such additional testing would provide a reasonable likelihood of more probative results." *Id*. The circuit court dismissed Green's motion, "holding that it was barred by the statute of limitations, the bar on successive PCR motions, and the doctrine of res judicata." *Id*. This Court affirmed. *Id*. at 636 (¶9).[3]

---

[3] In affirming the circuit court's judgment, we noted that Green attached to his third PCR motion a letter addressed to him from an expert in DNA analysis stating that the

3

¶7. Green's fourth PCR motion, which he filed in 2021, is the subject of this appeal. Green's fourth motion addresses his convictions in both cause numbers. In this motion, Green again asserted that the DNA evidence in cause number 2007-11,197(3) should be subjected to additional testing and that such testing "would provide a reasonable likelihood of more probative results . . . ." Additionally, he asserted that some or all of his convictions should be vacated in cause number 2007-11,198(1) because the State did not preserve DNA trace evidence.

¶8. On October 20, 2021, the circuit court dismissed Green's motion, holding that it was barred by the statute of limitations, the bar on successive PCR motions, and the doctrine of res judicata. On November 22, 2021, Green filed a notice of appeal.

## STANDARD OF REVIEW

¶9. "When reviewing a [circuit] court's denial or dismissal of a PCR motion, we will only disturb the [circuit] court's decision if the [circuit] court abused its discretion and the decision is clearly erroneous; however, we review the [circuit] court's legal conclusions under a de novo standard of review." *Green I*, 242 So. 3d at 178 (¶5) (citing *Hughes v. State*, 106 So. 3d 836, 838 (¶4) (Miss. Ct. App. 2012)).

## DISCUSSION

¶10. Before considering whether the circuit court properly dismissed Green's fourth PCR motion, we must address jurisdiction. The circuit court's order was filed on October 20, 2021, but Green did not file his notice of appeal until November 22, 2021—33 days later.

---

original DNA testing in his case was still considered "reliable" and capable of identifying a DNA "match 'to a reasonable degree of scientific certainty.'" *Id.* at (¶5).

4

Mississippi Rule of Appellate Procedure 4(a) provides that an appeal must be "filed with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from." This Court has held, however, that

> [t]he prison-mailbox rule states that in pro se post-conviction relief proceedings, the prisoner's motion is considered delivered for filing when the prisoner gives the documents to prison officials for mailing. The State bears the burden of proving the prisoner's notice of appeal was untimely filed.

*Bates v. State*, 319 So. 3d 508, 510 (¶5) (Miss. Ct. App. 2021) (citation omitted) (quoting *Lott v. State*, 115 So. 3d 903, 907 (¶10) (Miss. Ct. App. 2013)).

¶11. The record suggests that Green did not receive the circuit court's order until November 1, 2021.[4] Furthermore, the State has not challenged Green's appeal on the basis of jurisdiction. To the extent that Green's filing may have been untimely, we will exercise our discretion under Mississippi Rule of Appellate Procedure 2(c), suspend the thirty-day requirement, and address Green's issues on appeal. *See id*.

¶12. The circuit court properly dismissed Green's fourth PCR motion. Green's claim that DNA evidence in cause number 2007-11,197(3) should be subjected to additional testing is the same claim that this Court rejected twice already in *Green I* and *Green III*. Additionally, in his first PCR motion, Green took issue with the State's alleged failure to test DNA evidence in cause number 2007-11,198(1). The circuit court found that Green had not shown that such evidence existed and was available for DNA testing, nor had he made a credible argument that such testing would "demonstrate a reasonable probability that [he] would not

---

[4] An envelope addressed to Green from the circuit clerk was stamped received and dated November 1, 2021.

have been convicted or would have received a lesser sentence." Accordingly, we find that Green's claims are barred by the doctrine of res judicata. *See Green II*, 2019 WL 667866, at *2 (¶10) (holding that res judicata bars re-litigation of the same issues that were raised in a prior PCR motion).

¶13. Green's claims are also barred by the three-year statute of limitations. As previously noted by this Court, "[t]he statute does contain an exception for 'cases in which the petitioner can demonstrate,' among other things, that 'there exists biological evidence . . . that can be subjected to additional DNA testing that would provide a reasonable likelihood of more probative results.'" *Green III*, 294 So. 3d at 636 (¶7) (quoting *Green I*, 242 So. 3d at 179 (¶10)). But Green has not made such a showing.

¶14. Finally, Green's motion is an impermissible successive motion. Miss. Code Ann. § 99-39-23(6). Again, as previously noted by this Court, "[a] successive PCR motion is permitted if the 'petitioner has requested DNA testing' and 'asserts new or different grounds for relief related to DNA testing not previously presented or the availability of more advanced DNA technology.'" *Green III*, 294 So. 3d at 636 (¶8) (quoting Miss. Code Ann. § 99-39-23(6)). However, Green's claims under that provision previously had been rejected. Therefore, the bar on successive PCR motions also applies.

¶15. After review, we affirm the circuit court's order dismissing Green's fourth PCR motion.

¶16. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, McCARTY, SMITH AND EMFINGER, JJ., CONCUR. LAWRENCE,**

**J., NOT PARTICIPATING.**